### SCHERMERHORN *against* VAN VOLKENBURGH.

IN ERROR, on *certiorari*, from a justice's court. *Van Volkenburgh* sued *Schermerhorn* before the justice, and declared against him in *trover*, for leather and harness. The return, which was very obscure, stated substantially that the grounds of the plaintiff's claim was that he had an execution against one *Seabring*, and that he levied on and sold the property in question, and purchased it himself, and then left it in possession of *Seabring*, or his wife, in his absence; that *Seabring* delivered it to *Mason* and *Parish*, on their indemnifying him. A demand and refusal were also proved. The defendant offered to prove that one *Mason*, a deputy sheriff, had an execution out of the supreme court against *Seabring*, and that he levied on the property before *Van Volkenburgh* levied, or had a right to levy; that the deputy sheriff took the property out of *Seabring's* possession under that execution, and sold it to *Parish*. The defendant also offered to produce the execution. This testimony was objected to and excluded, and a judgment given for the plaintiff for 25 dollars, and the costs.

*Per Curiam.* From the proofs and admissions of the parties, it is necessarily to be inferred that the property in question did once belong to *Seabring*, and that the plaintiff below having levied upon it by an execution, and sold it, although it may be questionable whether he could himself become the purchaser, yet the levy and possession taken, gave him such a special property in the chattels, as would support the action, had not the defendant offered to show a paramount title in *Parish*. There is no doubt that a defendant, in an action of *trover*, may show a title in a third person; and if the testimony offered by the defendant had been admitted, it would have shown such a title; for the execution under which the deputy sheriff sold the property to *Parish*, appears to have been the oldest, and the levy first made under it. This testimony was improperly overruled, and on this ground, therefore, the judgment must be reversed.

Judgment reversed.

*Where A., having an execution against B., levies on his goods, and becomes himself the purchaser at the sale, though it may be questionable whether he could himself become a purchaser, yet he has, by virtue of the levy and possession, such a special property in the goods that he may maintain trover for them. In trover the defendant may show a paramount title in a stranger.*