Per Curiam.

Upon the trial of this cause, the defendant below set up the right of Beatty to the property in question, as a defence to the action. He, it .appears, had given a bond to the officer, who levied the execution, that the goods should be forthcoming at the day of sale; and they were left on the premises, where the levy was made. This did not divest the special property of the officer, nor deprive him of the right of immediate possession, and the action of trover could be maintained by him. There was, therefore, no error, in this respect, in the court below.
But the infancy of the original defendant, is now alleged as a ground for reversing the judgment. This is error in fact, and it is well settled, that it must be specially assigned, that the defendant in error may take issue upon it. Although the fact of infancy was given in evidence in the court below, it could not have been as a defence to the action, as it constituted none in trover. The Justice cannot be considered, therefore, as deciding against the fact of infancy, upon the evidence; or if he is, his decision is clearly against the proof. The special assignment of infancy, therefore, as error, would not be against the record; and upon a *429 joinder in error, upon such an assignment, the fact would be tried in the usual manner.
Upon the general assignment of error in law, the defendant in error would be entitled to judgment. But the plaintiff may withdraw it, on payment of costs, for the purpose of assigning error in fact, specially.
[J. D. Whiting, Att'y for the plff. S. D. Craig, Att’y for the deft.]