## COWDEN *vs.* WRIGHT.

In an action of *trespass* by a father for assaulting and beating his son *per quod servitium amisit*,
a jury, in assessing the damages, are not authorized to take into account the wounded feelings
of the parents.

ERROR from the Genesee C. P. Wright sued Cowden in an action of
trespass for assaulting and beating her son, *per quod servitium amisit*.
Cowden was the teacher of a select school, and the plaintiff's son was one of
his scholars, and the beating complained of was by way of punishment for
disorderly conduct. The court, among other things, charged the jury that
in making up their verdict they might take into the account *the feelings of
the parents* occasioned by the infliction of the punishment of their son. To
which the defendant excepted. The jury found a verdict for the plaintiff
with $75 damages. Judgment having been entered upon the verdict, the
defendant sued out a writ of error.

*C. P. Kirkland*, for the plaintiff in error.

*J. A. Spencer*, for the defendant in error.

*By the Court*, NELSON, Ch. J. I think the court erred. The
foundation of the action is the loss of service, and the *expense    [ *430 ]
and trouble the parent is subjected to in taking care of his child.
It is true, that in the action for the seduction of a daughter, the jury in
fixing upon the damages may regard the wounded feelings of the family;
but that case has always been considered *sui generis*, and inconsistent with
the fundamental principle of the action. Besides, there is a marked distinc-

tion between that and the present case. There the only remedy for the injury is the action by the parent; the daughter is without redress, however aggravated the seduction. It is not therefore surprising the courts should have been indulgent in the measure of damages in the particular case. But here the child may also maintain an action against the defendant, in which the measure of redress depends very much upon the sound discretion of the jury, because his personal injury and suffering then constitute the gravamen of the suit. Full opportunity is here afforded to inflict upon the wrongdoer punishment in proportion to the aggravation of the assault. The two remedies, one in behalf of the parent, the other of the child, seem to me sufficiently liberal, when taken together, upon the principles above stated; certainly as much so, and more onerous to the defendant, as in the case of the injured party, where the remedy is confined to one action for the assault.

*Edmondson* v. *Machell,* 2 *T. R.* 4, may, I think, be regarded as countenancing the view we have taken. Trespass for assaulting and beating the plaintiff's niece, *per quod,* &c. was brought by the aunt, and at the same time another action was brought by the niece for the same assault. The counsel for the aunt, on the trial, withdrew the record in the latter case, and declared their intention not to try it. The defendant insisted that the jury could only give damages for the loss of service; the court ruled otherwise, and placed the case on a footing with the action for seduction. On a motion for a new trial, it was admitted the damages were not excessive, if the jury had a right to take both actions into their consideration; and the court, on the niece stipulating not to proceed in her action, refused to [ *431 ] grant a new trial. But it is obvious, from the report *of the case, the result would have been different without this stipulation: in effect, I think, denying the analogy to the suit for seduction.

Judgment reversed; *venire de novo;* costs to abide event.