## The Watervliet Bank *vs.* White.

A bank at which a promissory note was made payable, received it from the holder for collection, and having an account with the maker, which was not however good for the amount, charged it to him and paid it to the holder, at the same time placing upon it a cancelling mark, which by the practice of the bank only denoted that it was charged. In a suit on the note by the bank as endorsee against the maker; *held,* that it was a subsisting security in the hands of the plaintiff and authorized a recovery.

*So held* where the note was made for the accommodation of an endorser upon it who was *cashier* of the bank at which it was payable and had promised the maker to provide for it.

Where a note is endorsed *in blank* by the payee, and is afterwards transferred by an endorsement *in full,* it is still transferrible by delivery, and a party to whom it is so transferred may make title by filling up the blank endorsement to himself and striking out the subsequent ones.

An endorsement of a note in full, made to create an agency for its collection, may be stricken out by the holder.

An endorsement of a note by the holder in these words, " Pay to E. O., cashier, or order," made upon the purchase of it by the bank of which E. O. was cashier, is a legal transfer of the note to the bank. *Per* Jewett, J.

Motion by the plaintiff to set aside the report of referees. The action was upon a promissory note made by the defendant, dated the 18th day of January, 1840, for $2500, payable to the order of William J. Worth at the Watervliet Bank, sixty-five days after date. It was endorsed in blank by Worth and by E. Olcott, and

had upon it a special endorsement in these words, " Pay to E. Olcott, cashier, or order. E. C. Kendrick, cashier."

On the production of the note to the referees, it had upon it a mark which was proved to have been made by the cancelling hammer kept at the plaintiff's bank, at the time it was charged to the defendant's account as afterwards mentioned. Kendrick, the cashier of the Farmers' and Mechanics' Bank of the City of Albany, was examined as a witness for the plaintiff, and proved that the note was discounted at that bank for, and the proceeds paid to Egbert Olcott, and that it was paid at maturity by the plaintiff, the Watervliet Bank, of which Olcott was cashier; that the witness' bank sent it to the Watervliet Bank for collection on the 12th day of February, and actually received the amount the next time the Mechanics' and Farmers' Bank drew on the Watervliet Bank for collections, which was the 7th day of April following; there being an arrangement that the bank at Albany should allow the other ten days for the payment of moneys collected.

Whitbeck, who was teller of the Watervliet Bank when the note fell due, was examined on behalf of the plaintiff, and testified that the defendant kept an account at that bank, and when the note in question fell due it was charged to him in account and credited to the Mechanics' and Farmers' Bank, and was paid to the last named bank on its draft in the usual course of business; that the balance to defendant's credit was $1350 before charging the note, but he continued to draw against it, occasionally making further deposits until he had drawn the whole of his balance and the subsequent deposits, without regard to the item debiting the note; that there was no time after the note was charged that the defendant's account was good for the amount; that the amount of the note was afterwards, on the 31st December, 1840, credited, so that the account was left as though it had never been charged. The witness stated that the note had not been paid to his knowledge; that the mark of the cancelling hammer was made when the note was charged to the defendant's account and was intended to indicate that it had been so charged, and that it was the practice at the bank, when

notes were charged to the account of the maker, to stamp them as was done in this case; whether they were paid or not.

The plaintiff having rested, the defendant produced and read in evidence the deposition of William J. Worth, the payee and first endorser of the note, who testified that it was written and signed in the witness' presence, by the defendant at his house; that it was made by the defendant at the request of Olcott, and for the accommodation of the witness and Olcott, and was loaned by the defendant to enable Olcott to raise funds for a joint business conducted by Olcott on account of himself and the witness; that it was understood that the note was to be discounted at the Mechanics' and Farmers' Bank of Albany, and Olcott pledged himself to the defendant to provide for the note and protect him against it, and agreed to give him security upon real estate and by pledge of bank stock. The witness stated that he understood Olcott, when he promised to take care of the note, to mean that he would do so as cashier.

The defendant insisted that the plaintiff could not be considered the purchaser of the note, that the holders never contemplated a sale when they transmitted the paper for collection, and that both banks afterwards treated it as paid, and the plaintiff had deliberately cancelled it, and under the circumstances it was in point of law to be deemed paid. He also insisted that the plaintiff did not shew title in himself to the note under the special endorsement made by Kendrick; and he likewise maintained that if a fraud had been committed on the plaintiff's bank by Olcott, the plaintiff who had entrusted him, and not the defendant, should suffer the loss.

The referees reported in favor of the defendant.

*S. Stevens*, for the plaintiff. Where a note is endorsed in blank by the payee, it becomes assignable by delivery, (*Chitty on Bills*, 252-3, 256-7, *and cases in the notes*,) and a subsequent holder can strike out all the endorsements except the first and make title under that. (*Smith* v. *Clarke, Peake's Rep.* 225; 1 *Esp. Rep.* 180, *S. C.; Anon.* 12 *Mod.* 345; *Manhattan Co.* v. *Reynolds*, 2 *Hill*, 140; *Havens* v. *Huntington*, 1 *Cowen*, 387.)

The special endorsement to Olcott as cashier was in effect a transfer to the plaintiff, whose cashier he was, and vested the title to the note in that corporation. (*Folger* v. *Chase*, 18 *Pick.* 63.)

By paying the note under the circumstances proved, the plaintiff took it as a purchaser. (*Canal Bank* v. *The Bank of Albany*, 1 *Hill*, 292.) Where one makes a note payable at a bank, he in effect requests such bank to pay it when presented. The note was not extinguished by the transaction between the two banks, nor by the mark made by the cancelling hammer. It is proved as a matter of fact that the mark was not made with an intention to cancel or destroy the note, but only to indicate that it had been debited to the defendant's account. The agreement of Olcott to indemnify the defendant against the note did not bind or affect the bank. (*Bank U. S.* v. *Dunn*, 6 *Peters*, 51; *Bank of the Metropolis* v. *Jones*, 8 *id.* 12; *Salem Bank* v. *Gloucester Bank*, 17 *Mass. R.* 29.)

*M. T. Reynolds* for the defendant, relied upon the points made at the trial.

*By the Court*, JEWETT, J. Worth to whom, or order, the note in question was payable, endorsed it in blank, as also did Egbert Olcott, who borrowed the note of the defendant. Olcott procured it to be discounted in the usual course of business, by the Mechanics' and Farmers' Bank, according to the understanding between the parties when it was made, and received the proceeds. Although as between the defendant and Worth and Olcott, the former had a right to be protected from its payment, by the two latter, it being made for their accommodation; yet the bank was a *bona fide* holder after discounting it for value, and as such had the right to look to either or all of the previous parties for payment.

It is insisted by the defendant that the payment by the Watervliet Bank to the Mechanics' and Farmers' Bank, and the debiting of the amount to the defendant's account by the former and marking the note with the hammer, operated in judgment of

law as a payment and extinguishment of the note, and that it could not serve the plaintiff any purpose afterwards but as a voucher in an account with the defendant; and that therefore the plaintiff cannot maintain this suit. It is not pretended that the note was in fact paid to either of the banks by the maker or either of the endorsers; and I do not think that it can be deemed paid or cancelled as between the parties to this suit.

The Watervliet Bank was a stranger to the making and the negotiation of the note and to the parties, and having paid it to the holders, took it as a purchaser and acquired their rights, and is entitled to the same remedies which the holders had, to sue and collect the amount due upon it. (*Mertens* v. *Winnington,* 1 *Esp. N. P.* 112; *Chit. on Bills,* 542, 3, 5, 6, 9; *Ogilby* v. *Wallace,* 2 *Hall's Rep.* 553; *Canal Bank* v. *Bank of Albany,* 1 *Hill,* 292.)

But it is objected that no formal transfer of the note has been made to the Watervliet Bank; the last endorsement being special to " E. Olcott, Esq. Cash. or order," and there appearing to be no further endorsement from him. One answer to this objection I think is, that it is not necessary for the plaintiff to show a formal transfer from Olcott by endorsement. They may make a formal title or right to sue under the blank endorsement made by the payee. That endorsement has never been filled up: it remains blank, and hence the note passed afterwards by delivery, notwithstanding the special endorsement. (*Havens* v. *Huntington,* 1 *Cowen,* 387; *Williams* v. *Matthews,* 3 *id.* 252; *Story on Bills of Ex.* § 207; *Peacock* v. *Rhodes,* *Doug.* 633; *Chit. on Bills,* 9*th Am. ed.* 253, 256, 257; *Wilkinson* v. *Nicklin,* 2 *Dall. Rep.* 396.) Besides, the special endorsement was made merely to create an agency for the purpose of collection, and may be stricken out at any time. (*Manhattan Company* v. *Reynolds,* 2 *Hill,* 140.)

It cannot with any show of propriety be pretended that Olcott by that endorsement acquired any interest in or right to the note. If he, instead of the Watervliet Bank, had paid it at maturity, or if he had acquired it by purchase or otherwise *bona fide,* it is true the maker would, under the circumstances, have been discharged;

for as between him and Olcott, the latter was bound to discharge it. But I think the endorsement to Olcott in his official capacity as cashier of the Watervliet Bank, sufficiently shows that the transfer was made to that bank; especially after the bank in fact paid the former holder the amount of the note. This principle was carried so far in the case of *Folger* v. *Chase*, (18 *Pick. R.* 63,) as to allow the name of the corporation to be prefixed to such an endorsement made by its cashier on the trial of an action brought by the holder against the first endorser. (*See also Hartford Bank* v. *Barry*, 17 *Mass. R.* 94.)

The plaintiff, therefore, I think, was the legal holder of the note for value, and as such had a right to maintain this suit. At all events, neither of the parties to the suit having paid it, the plaintiff having possession not *mala fide*, cannot be defeated on the ground that the note is the property of a third person. (*Gage* v. *Kendall*, 15 *Wend.* 640.)

I have not been able to discover any fraud committed by either of the parties to the note, or by the persons interested. It is true the defendant has ample evidence to satisfy him that his confidence in Olcott's engagement to indemnify him was misplaced; but it does not follow that the latter acted fraudulently. He may have honestly supposed that he could do as he agreed, and have intended to do so. That he did not, furnishes no evidence to impute fraud to him.

I do not see that the evidence of Worth sustains any defence to the action. The testimony given by him as to the making of the note, its being for the accommodation of himself and Olcott, was improperly received; the defendant had not put himself in a situation to impeach the consideration of the note, or to show that he merely lent it to Olcott and Worth. The plaintiff was not chargeable with notice of the transaction. It was a transaction between the defendant Worth and Olcott, as individuals, and did not even take place at the banking house. The Watervliet Bank took the note as purchaser from the Mechanics' and Farmers' Bank, and having become such, after or at the time it became payable, the utmost that can be claimed as against them, is, that they took the note subject to

such defence as could have been made against it by the parties to it, in the hands of the Mechanics' and Farmers' Bank. ( *Williams* v. *Matthews*, 3 *Cowen*, 260.)

The report of the referees must be set aside.

Motion granted.