Wright *v.* Boyd.

SAME TERM.    *Before the same Justices.*

## WRIGHT *vs.* BOYD.

In an action upon a bill of exchange, against the acceptor, a special endorsement thereon directing payment to be made to a person other than the plaintiff, if shown to have been made merely for the purpose of collection, may be stricken out upon the trial.

In a suit of that nature, a copy of the bill, annexed to the declaration, is to be regarded as a bill of particulars, and nothing more. And the omission of an endorsement upon the bill, in such copy, will not preclude the plaintiff from giving evidence thereof.

Where bills of exchange are drawn in favor of the cashier of a bank and are discounted by the bank, they are in law drawn in favor of the bank; and it may sue thereon, in its own name.

Where bills of exchange are transferred by one bank to another, upon an understanding that, if collected, the proceeds shall be credited to the assignor, but not otherwise, this amounts to an assignment of the bills, with a guaranty of collection; and the assignee has such an interest in the bills that it may maintain an action thereon, in its own name.

Wright v. Boyd.

ASSUMPSIT, tried at the Oswego, circuit in September, 1847, before Justice Pratt. The action was brought upon two drafts drawn by Bentley, Evans & Sumner, upon the defendant at sixty days, for $1200 each, payable to J. H. Lathrop, cashier, or order, dated September 6th, and 24th, 1845, and accepted by the defendant. The plaintiff, in his declaration, described himself as "President of Luther Wright's Bank, an association of persons formed for the purpose of banking, under the provisions of the act of the legislature of the state of New-York, entitled ' An act to authorize the business of banking,' and who prosecutes on behalf of said association, pursuant to the provisions of said act." The defendant pleaded the general issue. Copies of the drafts were annexed to the declaration, with the usual notice that they were copies of the drafts or bills of exchange upon which the action was brought. These copies, however, contained no endorsement by Lathrop. On the trial the drafts were produced and the signatures of the drawers and of the acceptor, proved. Each draft when produced had a special endorsement upon it in these words : "Pay J. B. Plumb, Esq. cashier, or order. S. H. Lathrop, cashier." The signature of Lathrop to the endorsement was proved. It was also shown that he was cashier of Luther Wright's Bank at the time the drafts were endorsed. After proving the amount due upon the drafts the plaintiff rested, The defendant's counsel then moved for a nonsuit, on the grounds, (1.) That the drafts were payable to order and specially endorsed, and that the plaintiff was not the payee or endorsee thereof, and showed no title to sue therefor. (2.) That the drafts produced varied from the copies annexed to the declaration, in a material point, and therefore could not be given in evidence under the money counts. The plaintiff's counsel then offered to show the title or ownership of Luther Wright's Bank in the drafts. The defendant's counsel objected to the admissibility of this evidence, because, if proved, it would not give the plaintiff a right to sue the acceptor in its own name, or that of its president, while the bank was neither payee nor endorsee thereof. But the circuit judge decided that the evidence was admissible, and Lathrop, the cashier, was

sworn, as to his interest in the suit.   He testified that he was
a stockholder in Luther Wright's Bank, but was not such at
the time the drafts were discounted; that he had no interest
in the drafts, nor in the suit; that Luther Wright's Bank was
established under the general banking law, and was conducted
by Luther Wright, and that these drafts were discounted in
said bank ; that after the drafts were discounted a new associ-
ation was formed, without changing the name of the bank ;
that the witness became interested in the new association; that
the drafts were retained in the bank, and had belonged to the
bank ever since they were discounted ; that if they were col-
lected their avails would be passed to the credit of the old bank;
if not paid the new association would lose nothing ; that the
witness enclosed the drafts to Plumb, at Albany, for collection.
The defendant's counsel objected to the competency of this
witness, on the ground that he was a stockholder in Luther
Wright's Bank, the plaintiff, and was therefore a party to this
suit.   But the judge decided that Lathrop was a competent
witness, and admitted him to testify for the plaintiff.   On his
examination in chief Lathrop testified that the drafts were dis-
counted by Luther Wright's Bank, and were still owned by
that bank; that they were passed over to the new association
with the other effects of the old bank, to be credited to the old
bank if collected, but not otherwise.   At the request of the
plaintiff's counsel Lathrop then erased, with a pen, the special
endorsement on each of the drafts; leaving no other endorse-
ment upon the back thereof than his own name.   The plain-
tiff having rested, the counsel for the defendant again moved
for a nonsuit, on the following grounds: 1.  That the plaintiff
showed no title to the bills in the banking association ; the only
title shown being in Luther Wright, an individual banker, who
could not sue in the name of Luther Wright president of Luther
Wright's Bank.  2.  That the plaintiff had no right to strike
out the special endorsement in order to show title in the associ-
ation.  3.  That if he could do so before, he could not after
proving the endorsement, and introducing the drafts in evidence,
with the endorsements remaining thereon.  4.  That without

the endorsements the plaintiff was not the payee; and that with them he was not the endorsee of the drafts, and therefore could not sue the acceptor. 5. That the copies of the drafts annexed to the declaration showed no endorsement, and there was a variance between the declaration and proof. But the judge denied the motion, and decided that the drafts were admissible as evidence, and that the plaintiff was entitled to recover thereon, and he so charged the jury; the defendants producing no witnesses. The jury found a verdict for the plaintiff, for the amount of the drafts, and interest; and the defendant, upon a bill of exceptions, moved for a new trial.

*J. L. Lawrence,* for the defendant. The judge erred in admitting Lathrop to testify. He was a stockholder in Luther Wright's Bank. Lathrop was liable for costs. Luther Wright, President, is a corporate name of the association; therefore the association collectively is plaintiff, and not Luther Wright. (24 *Wend.* 347. 1 *Hill,* 676. 15 *John.* 309.) The judge also erred in refusing to nonsuit the plaintiff. The plaintiff is not the owner of the drafts. Lathrop's testimony shows they belong to Luther Wright, an individual banker. He cannot recover in this suit, which is brought by him as president of an association. (24 *Wend.* 347.) Whoever may be shown by parol testimony to be the real owners—negotiable paper must be sued in the name of the payee or endorsee; unless it is payable to bearer or endorsee in blank. (6 *Hill,* 287.) Lathrop had no right to strike out the *special* endorsement to Plumb or order, so as to make it his own endorsement in blank and thereby enable the plaintiff to recover as endorsee or bearer in this suit. It could not be done, at any rate, *after suit brought,* and relate back to a time anterior thereto. At the time the suit was brought, the drafts were specially endorsed to Plumb or order. Plumb therefore was the *endorsee* at the time the suit was commenced, and could alone bring the suit. The face of the paper must govern the question as to negotiable paper, and not the *ownership.* (2 *Hill,* 457.) No other drafts are admissible on the trial than those, copies of which are annexed to

Wright *v.* Boyd.

the declaration. There is a variance between the declaration and the proof. The drafts introduced bore an endorsement which was not given with the copies served. The endorsement is a material portion of the bill. For the same reason the drafts produced were inadmissible under the money counts; true copies not having been served with the declaration. (*Laws of* 1832, *ch.* 276, 83.)

*G. F. Comstock,* for the plaintiff. The suit being against the acceptor alone, the case does not fall within the act of 1832, regulating suits on notes, &c.; and therefore it was not necessary to annex to the declaration, or serve, a copy of the draft, endorsement, &c. As a mere bill of particulars the copy of the draft as furnished was sufficient. The objection to the witness Lathrop was placed specifically on the ground that being a stockholder in the plaintiff's bank, he was a *party to the suit.* The objection on this ground was not well taken, and no other ground can now be taken. (1 *Hill,* 609. 19 *Wend.* 361, 364. 17 *Id.* 142, 143.) On the trial of the cause the plaintiff's counsel had a right to strike out the special endorsement of S. H. Lathrop, so as to leave it an endorsement in blank. This being so, it obviates the 2d, 3d and 4th objections made on the trial. (2 *Hill,* 140. 18 *John.* 52. 15 *Id.* 247. 18 *Id.* 230.) The draft being endorsed in blank, it can be sued in the name of any person whatever. Moreover the title was shown to be in the plaintiff.

*By the Court,* GRIDLEY, J. I. It is not a question before us whether the witness Lathrop was incompetent on the ground of interest. The objection was "that he was a *stockholder,* in Luther Wright's Bank, the plaintiff in the suit, and therefore a *party.*" It is clear that he was not a party. Had the objection been upon the ground of interest, that interest might have been removed by an assignment of his stock, or by an indemnity as to costs. (17 *Wend.* 142. 19 *Id.* 364. 1 *Hill,* 609.)

II. There was no error in allowing the special endorsement (which was shown to have been made for the mere purpose of

Wright *v.* Boyd.

*collection*) *to be stricken out upon the trial.* That right has been sanctioned too long to be now drawn in question. (2 *Hill,* 140. 18 *John. Rep.* 52, 230. 15 *Id.* 247. 1 *Denio,* 608.)

III. Regarding the copies of the drafts appended to the declaration *as a mere bill of particulars,* we do not see how the defendant could have been misled by the omission of the endorsements upon them. Though a stricter rule may be applied to cases where a copy is required to accompany the declaration, under the act of 1832, yet, this suit being against the acceptor alone, does not fall within that class of cases. The copies of the drafts in this case were bills of particulars, therefore, and nothing more.

IV. The most important question arising upon this bill of exceptions, is whether the suit can be maintained in the name of the plaintiff. The drafts being drawn in favor of Lathrop as cashier, were in law drawn in favor of the bank. (*See* 1 *Denio,* 608.) They were the property of the old bank when the new association was formed; and were transferred to it, as we presume, as a part of Luther Wright's share of the capital of the new bank. It is true that, if not collected, the new association was not to bear the loss. That, however, is not inconsistent with the idea that the legal interest in the paper was in the new bank. The transfer to the new association may be compared to the transfer of securities to a creditor, as collateral security, to be prosecuted, and applied in payment when collected; but the collection to be at the risk of the assignor. No one ever doubted that in such a case the creditor was the owner of the paper thus assigned, and that he might sue it in his own name. We regard the right of the new association to prosecute the drafts in its own name as standing on precisely the same ground. We have come to this conclusion upon the testimony of the witness Lathrop, given in chief, and have disregarded that drawn out on the *voir dire,* which was addressed solely to the court, and is not general evidence in the cause. It is not perceived, therefore, how this action can be defeated, even if it should be conceded that a banking association cannot be an endorsee of a draft for the mere purpose of collection,

but must have an actual and beneficial interest in the security, to be entitled to maintain an action in its own name, upon it. The case amounts, substantially, to an assignment of the drafts to the new bank, with a guaranty of collection. We are therefore not called upon to consider the question referred to, though it was strenuously urged upon the argument.

The motion for a new trial is denied with costs.

SAME TERM. *Before the same Justices.*