HOWLAND *against* WILLETTS.

An exception to the decision of a judge admitting testimony objected to, is not available, unless material testimony was admitted which would be embraced in the objection.

One who has indemnified the sheriff for taking property by virtue of an execution is not a competent witness for the sheriff in defence to a suit against him for such taking.

Howland *against* Willetts.

The person indemnifying the sheriff, in such case, is the person "for whose immediate benefit the suit is defended," within § 399 of the Code of Procedure.

It is not error for the judge at the trial to allow the jury, when they retire for deliberation, to take with them a deposition read on the trial.

A general exception to a charge to the jury is not available, if any part of the charge is correct.

THIS was an action of replevin, commenced in the supreme court in July, 1847, and was tried at a circuit in the city of New-York, in July, 1848, and a verdict rendered for the defendant. The case having been transferred according to the statute to the superior court of the city of New-York, in January, 1850, a new trial was granted at a general term of that court in May of the same year. The second trial was had in the superior court in March, 1851, before Mr. Justice PAINE and a jury.

The declaration alleged a taking of certain property in May, 1847, by the defendant, as sheriff of Queens county, out of the possession of one Scott, at Hempstead in that county, by virtue of an execution against Scott in favor of Dwight, Beals & Co. The plaintiff claimed as mortgagee of Scott, and gave in evidence upon the trial a chattel mortgage from Scott to the plaintiff, dated February 2, 1847, and filed, as required by the statute, February 19, 1847, by which he mortgaged to the plaintiff the property in question, to secure the payment of the sum of $1000.

The defendant pleaded *non cepit*, and the ground of his defence was that the mortgage was fraudulent, by reason of the mortgagee not taking immediate possession.

Upon the trial the plaintiff called as a witness *John A. Smith*, a partner of the plaintiff in the firm of Caleb Smith & Co. The witness being examined as to the accounts of that firm, looked at a paper in his hand, which he said was extracts from entries in their books. The defendant objected to his looking at or testifying from such paper, without the production of the books themselves; and the objection being overruled, the defendant excepted. It does not appear upon

the bill of exceptions that any testimony was given by the witness after this objection was made.

*Edmund Dwight* was called as a witness for the defendant, and testified that he was a member of the firm which had recovered the judgment under which the levy complained of was made, and that the judgment had been assigned to him by the firm; that he was the claimant of the property levied upon, and had indemnified the sheriff. The witness was thereupon objected to by the plaintiff: the court held him incompetent and excluded him, and the defendant excepted.

The judge charged the jury upon several matters of law, and the defendant took an exception " to the charge, and to each part of it."

The deposition of *Henry W. Scott*, taken upon commission in New Jersey, had been read in evidence by the plaintiff. On the retirement of the jury, the court allowed this deposition to be taken out with them, and the defendant excepted. The jury found a verdict for the plaintiff.

A motion to set aside the verdict upon the exceptions was refused at general term, and the defendant appealed to this court.

*David Dudley Field* for the appellant.

*Asa Child* for the respondent.

MASON, J. The bill of exceptions in this case is so imperfectly drawn that it is very difficult to determine with any degree of certainty the precise bearing of the two first exceptions upon the case. As the question is presented by the bill, it is not important to inquire whether the court was right or wrong in holding that the witness *Smith* might look at the paper he held in his hand, for the reason that it does not appear that he testified from such paper, nor that he gave any material evidence in the case, nor in fact that he

gave the least particle of evidence after this objection was raised.

The principal exception presented by the bill is to the ruling of the court in excluding the witness *Dwight* on the ground of interest. The question here is, whether under the circumstances this action can be said to be defended for the immediate benefit of Dwight. The 398th section of the Code provides that no person offered as a witness shall be excluded by reason of his interest in the event of the action; and § 399 provides that the preceding section shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended, &c. These sections are taken substantially from the 6 and 7 Victoria, commonly called *Lord Denman's Act.* The courts in England have given the same construction to that act which our courts have to these sections of our Code. (6 *Adol. & Ell., N. S.,* 937; 3 *Man., Gr. & Scott,* 299; 3 *Comst.,* 489; 11 *Barb.,* 645; 2 *Sandf. S. C. R.,* 686.) The general scope of the act is to allow the examination of all persons as witnesses except the party for whose immediate benefit the action is prosecuted or defended. The act does not allow the formal party to the record to be called, nor any person who, though not the formal party, yet is substantially so. Dwight, the witness, is not a formal party to this action, yet he is substantially the party defendant. The defendant as sheriff is certainly not defending this suit for his own benefit, either directly or indirectly. He loses nothing if the plaintiff recovers and holds this property; and if the defendant succeeds and holds it by virtue of his levy, it is not for his own benefit, but for that of Dwight, the party for whom he acts. In this case, indeed, the defence is made under an express indemnity from Dwight. It is therefore for every substantial purpose his action.

The defendant, as sheriff, has such a special property by virtue of his levy as will enable him to maintain trespass or trover against a stranger who wrongfully interferes with

the property. (2 *Saunders*, 47, *note I; 6 Mod.*, 298; 2 *Hall*, 425; 1 *Cow.*, 322; 11 *John.*, 529; 6 *John.*, 195; 12 *John.*, 403; 14 *John.*, 352; 1 *Caines' R.*, 14; 20 *Wend.*, 4; 16 *Wend.*, 568.) All the cases hold that the action by the officer, in virtue of his levy, goes upon a special property acquired and liability over to the plaintiff for the amount of the levy. (*Watson's Office of Sheriff*, 190, 191, *and cases cited;* 16 *Wend.*, 586, *and cases above;* 3 *Barb.*, 499.) I know it was held in the case of *Barker* v. *Mathews* (1 *Denio*, 335), that a plaintiff in a judgment, who has procured an execution to be issued and levied upon personal property of the defendant, cannot sustain an action against a wrong-doer for taking such property out of the possession of the officer. There are no authorities referred to by the court to sustain this decision, and I think its soundness may well be questioned upon principle, as it certainly can upon authority. (8 *Bac. Ab.*, *Bouv. ed.*, 581, *tit. Rescue, A, and cases cited;* 3 *Barb.*, 523.) All the cases hold, however, that the sheriff acts for and in behalf of the plaintiff in the execution, and that the plaintiff is the substantial party, the one immediately and directly interested in the levy and the property or money acquired by virtue thereof. Dwight, therefore, being the party for whose immediate benefit this action is defended, was not a competent witness for the defendant, and the court was right in excluding his testimony.

The exception to the charge cannot avail the defendant, as it was a general exception, and some of the propositions in the charge were unquestionably right. (8 *Wend.*, 109.)

The only remaining question presented by the bill of exceptions is whether the court below erred in allowing the jury, when they retired to deliberate upon their verdict, to take with them to their room the deposition of H. W. Scott. The question has often arisen on motions to set aside the verdict, when the jury, without the knowledge or consent of the court, have taken papers with them on

retiring to their room. The rule seems to be very well settled that the jury may not carry with them any writings which were not given in evidence (*Trials per pais*, 357 ; 11 *Petersd.*, 744), unless it be exemplifications or deeds under, seal (*Gilb. Ev., A. D.* 1756, 17–19) ; and yet it is held that if they are not read by any of the jury it is no cause for setting aside their verdict. (3 *John.*, 252 ; 17 *John.*, 323 ; 7 *Pick.*, 306.) It is said in books of very high authority that if the jurors, when they go from the bar to consider of their verdict, without the leave of the court take with them any testimony which has been given in evidence, they are guilty of a misdemeanor, but that the verdict is good. (*Roll. Ab.*, 714 ; 1 *Inst.*, 227 ; *Cro. Eliz.*, 411 ; 12 *Mod.*, 520 ; *Rex* v. *Burdett*, 1 *Ld. Raym.*, 148 ; 10 *Bac. Ab.*, *Bouv. ed.*, 316, *tit. Verdict, H.*) Judge COWEN, in some *obiter* remarks in the case of *The Farmers and Manufacturers' Bank* v. *Whinfield*, (24 *Wend.*, 428), seems to think the rule is otherwise both in England and in this state. I have examined with some care the reports of Westminster Hall, as well as of this state, and have not been able to find a case where the courts have set aside a verdict when the jury have by direction of the court been permitted to take to their room a paper which had been given in evidence in the cause. The applications to the courts in these cases have been by way of motion to set aside the verdict for misconduct of the jury in taking papers with them to their room without the direction or leave of the court ; and Mr. Graham, in his treatise on New Trials, thinks it should be left to the sound discretion of the judge upon the trial (*p.* 80). I do not think there was error in allowing this deposition to be taken by the jury, and am of opinion, therefore, that the judgment should be affirmed.

RUGGLES, Ch. J., and WILLARD, MORSE and TAGGART, Js., concurred in the above conclusions.

GARDINER and JOHNSON, Js., dissented; holding that Dwight was a competent witness.

DENIO, J., did not hear the argument.

Judgment affirmed.