CHILDS (WILSON v.). See Case No. 17,796.

CHILDS, The MINNIE R. See Cases Nos. 9,639 and 9,640.

CHILLICOTHE BRANCH BANK (LEE v.). See Case No. 8,186.

———

## Case No. 2,683.

### CHILLICOTHE BRANCH OF STATE BANK OF OHIO v. FOX et al.

[3 Blatchf. 431.][1]

Circuit Court, N. D. New York. Jan. 29, 1856.

CORPORATIONS — POWERS — OFFICERS — ENDORSEMENT OF NEGOTIABLE INSTRUMENTS—PROMISSORY NOTE—DEMAND OF MAKER—DEFENCES — MATURITY OF NOTE AFTER SUIT.

1. The usage is universal, for the presidents and cashiers of incorporated companies, acting as the executive officers and agents of such companies, to make in their behalf, endorsements and transfers of negotiable paper, by simply endorsing their names, with the additions of their titles of office.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

2. Such an endorsement is sufficient to charge the corporation under whose authority the endorsement is made, and to transfer the note to the endorsee, so that he can maintain an action on it in his own name.

3. Where a note is payable "two years after date, on demand," it is not necessary, in an action against the maker, who is the principal debtor, to aver or prove any special demand.

4. Where a corporation, which has the right to do so, takes its own stock in payment of a debt due to it, it may, under general full power given to its directors to manage its business, sell such stock again; and a note taken by it on such sale is valid.

5. In an action by the endorsee of a note against its maker, if the maker fails to establish any defence to it as against the payee, he cannot claim that the endorsee is entitled to recover only so much of the note as is due from the payee to the endorsee.

6. A verdict for the full amount of a note upheld, where its full amount was due at the time of the verdict, although not due when the suit was commenced.

This was an action on a promissory note for $5,000, made by the defendants [Watson A. Fox and Elijah K. Bruce], payable "to the order of the Columbus Insurance Company, two years after date, on demand, with interest payable semi-annually." After a verdict for the plaintiffs [the Chillicothe Branch of the State Bank of Ohio], the defendants moved for a new trial, on a bill of exceptions. The facts in the case sufficiently appear in the opinion of the court.

HALL, District Judge. 1. It is insisted by the defendants' counsel, that there was no such endorsement and transfer of the note in suit, as to give to the plaintiffs, under the law merchant, the right to maintain an action upon the note in their own name. The bill of exceptions states, that the plaintiffs, to maintain the issue on their part, proved (among other things) that the endorsement, "E. F. Drake, Presdt.," on the back of the note, was the genuine signature of the said E. F. Drake; that the said Drake, as such president, transferred the said note to the plaintiffs; that, at the time of the endorsement and delivery of the said note to the said plaintiffs, the said E. F. Drake was the president of the said the Columbus Insurance Company; and that such endorsement and transfer of the said note to the plaintiffs was made by the said Drake, as such president, by the authority and direction of the said Columbus Insurance Company. This, it is conceded by the defendants' counsel, shows a transfer and assignment of the note; but, it is contended that the endorsement was not, in terms, in the name of the insurance company, and that, therefore, the plaintiffs are not endorsees, so as to entitle them to sustain a suit on the note in their own name.

I confess I can see no force in this objection. The usage is universal, for the presidents and cashiers of incorporated com-

panies, acting as the executive officers and agents of such companies, to make, in their behalf, endorsements and transfers of negotiable paper, by simply endorsing their names, with the additions of their titles of office. I cannot doubt that such an endorsement is sufficient to charge the corporation under whose authority the endorsement is made, and to transfer the note to the endorsee, so that the latter can maintain an action thereon in his own name. Folger v. Chase, 18 Pick. 63; Brockway v. Allen, 17 Wend. 40; Watervliet Bank v. White, 1 Denio, 608; Babcock v. Beman, 1 Kern. [11 N. Y.] 200. In this case, however, the transfer is fully admitted, and that, too, by an endorsement duly authorized. There certainly can be no reason for holding that the suit was improperly brought in the name of the endorsees.

2. It is insisted that the note on which the suit was brought is, by its terms, payable on demand, after two years; and that the special count in the declaration contains no allegation of a special demand of payment. The declaration contains the common money counts, with a copy of the note annexed, and the note was proper evidence under the money counts, even if a special demand was necessary. But I am inclined to think that no special demand was necessary. The makers of the note, as between them and the original payees of the note, and also as between them and the endorsees, were principal debtors; and, in such case, the general rule is, that no special demand is necessary. Nelson v. Bostwick, 5 Hill. 37.

3. It is insisted that the facts set up and proved by the defendants constitute a defence to the note. It appears, by the bill of exceptions, that the Columbus Insurance Company, to whom the note was given, had taken a considerable portion of their own stock in payment of debts due to them. This they had a clear right to do. Taylor v. Miami Exporting Co., 6 Ham. [Ohio] 218. This stock, so owned by the corporation, its directors had the right to sell and dispose of, for the benefit of the corporation. The stock was not extinguished or destroyed by the purchase thereof by the corporation. And, where a corporation becomes the owner of its stock, by purchase or forfeiture, the directors of such corporation, if they have, (as the directors of this insurance company had), full power to manage and conduct the affairs and business of the corporation, may sell such stock, and issue new certificates therefor; and notes taken for such stock are valid. The transaction between the defendants and the insurance company was, in substance and effect, nothing but a sale of such stock, although the resolutions of the directors expressed an intention to increase the stock and receive subscriptions therefor. This was, however, as the facts show, a misdescription of the real character of the transaction; and I can perceive no grounds upon which the validity of this note can be impeached in the hands of the insurance company or of their endorsees.

4. It is insisted that the facts stated in the bill of exceptions show that the plaintiffs, as against the insurance company, are at all events entitled to a portion only of the amount of the note, and that, therefore, they can recover in this suit only the amount to which they are entitled as against that company. This position is untenable. The plaintiffs, being the endorsees and legal holders of the note, are entitled to recover the whole amount due; and, if the whole does not equitably belong to the plaintiffs, they will hold what belongs to another, in trust for the party entitled thereto. With these equities, the defendants, having failed to establish any defence against the insurance company, have nothing to do.

5. It is insisted that, by the arrangement and resolutions under which the note was given, the whole amount of the note was not due and payable at the time the suit was commenced; and that the verdict should, therefore, have been for the amount actually due at the commencement of the suit, and for nothing more.

I am inclined to think that there is nothing in this objection. Upon the face of the note, the whole amount was due prior to the bringing of the suit, and, as the notice required by the terms of the resolutions and arrangement was actually given more than a year prior to the commencement of the suit, the whole amount was, I think, then demandable, under the arrangement referred to. At all events, it was all demandable at the time of the trial; and, as this objection goes only against the amount of damages recovered, and could only be available when the resolutions and arrangement were set up and proved by the defendants, I do not see how it can now prevent judgment upon the verdict.

If the whole amount had not been due at the time the suit was commenced, and the defendants had previously tendered, and then, under a plea of tender, brought into court, the amount actually due, or if, after the suit was commenced, the defendants had offered to pay the amount actually due and costs, and had then applied for a stay of proceedings, the objection might have been effectually urged. But, as the plaintiffs were, at the time of the verdict, entitled to the whole amount of the note, and the question is one simply as to the quantum of damages, I do not think a new trial ought to be granted on that account, even if the whole amount was not due when the suit was commenced.

It was objected that the exception was insufficient to raise this question, but, in the view I have taken of the case, this objection need not be considered. The motion for a new trial is denied, with costs.