WEEKS v. Fox, appellant.

*Bills of exchange — acceptance by agent — Authority of agent — duty of holder to make inquiry. Accommodation paper.*

L. F. was the general·agent of the defendant in carrying on his business, and as such, had authority to bind him by making acceptances under the signature of "L. F., agent." *Held*, that an acceptance, in that form, in the usual course of the defendant's business, of a draft drawn upon L. F. as " agent," by a third person, was binding upon the defendant.

*Held*, also, (1) that the notice arising from the signature " L. F., agent," imposed no further obligation upon the holder than that of inquiring whether L. F. had authority to bind the defendant by signing bills in that way ; (2) that the presumption was that he did make the inquiry, and ascertained the actual authority to be a general one to sign bills ; and (3) that he was not bound to ascertain what was the consideration of the bill, or for what purpose the bill was made.

*Held*, also, that it made no difference whether the draft was or was not made for the accommodation of the drawer, provided the agent was authorized by the defendant, generally, to make bills like the one in suit, and the plaintiff was a *bona fide* holder.

APPEAL from an order made at a special term denying a motion for a new trial.

The action was brought by Forest G. Weeks against William H. Fox, who was impleaded with one Noble Hopkins, to recover the amount of a certain draft for $300, drawn by N. Hopkins upon " L. Fox, agent," August 15, 1871, payable two months after date, to

the order of, and indorsed by, said N. Hopkins. It was accepted, on its face, as follows: "Accepted, payable at First National Bank, Baldwinsville, N. Y., L. Fox, agent." It was sought to charge the defendant, Wm. H. Fox, as acceptor, on the ground that Lewis Fox, who accepted the draft, was his agent. The complaint alleged that the plaintiff was the lawful holder of the draft; that Lewis Fox was the agent of the defendant, in conducting and carrying on the business of manufacturing paper, at Baldwinsville, and, as such, was authorized and empowered to accept the draft and make the defendant liable as acceptor thereof; and that the avails or proceeds went into and were used in and about the business of the defendant, so conducted and carried on by said Lewis Fox. Demand, protest and notice were also alleged.

The defendant, by his answer, denied that Lewis Fox was his agent in conducting the business at Baldwinsville, and, as such, authorized and empowered to accept the draft and make him liable as acceptor. He also denied that the avails or proceeds of the draft were accepted by said Lewis Fox as his agent, or that they went into and were used in and about the business of the defendant, in any manner.

The action was tried before Mr. Justice HARDIN and a jury, and a verdict rendered for the plaintiff.

The defendant moved for a new trial, mainly upon two grounds: 1. That the verdict was against the weight of evidence; 2. The admission of improper evidence at the trial. Motion denied.

*Hanford Struble & Charles S. Baker*, for appellant.

*D. C. Greenfield* and *Hiscock, Gifford & Doheny*, for respondent.

GILBERT, J. It is not disputed that a defendant, on proper proof, may be rendered liable upon an acceptance signed by his agent, notwithstanding the general rule on this subject, although his name does not appear on the paper; and such we assume to be the rule of law applicable to this case. *Bank of Rochester* v. *Monteath*, 1 Denio, 402; *Bank of Genesee* v. *Patchin Bank*, 19 N. Y. 312; *Ferris* v. *Kilmer*, 48 id. 300; 1 Pars. N. & B. 92, 102.

The main questions on the trial were whether the defendant carried on business in the name of Lewis Fox, and whether said Lewis was the general agent of the defendant for that purpose, and, as

such, had authority to bind him by making acceptances under the signature of "L. Fox, agent." There was abundant evidence to prove such an authority, and the verdict of the jury conclusively established its existence. It was urged, however, that if the acceptance in suit was made for the accommodation of the drawer, the plaintiff was not entitled to recover, although he was a *bona fide* holder for value, and the circuit judge so instructed the jury. The learned judge put his decision upon the ground, that the acceptance being signed "L. Fox, agent," the plaintiff had notice that he was acting under a power, and was bound to inquire and ascertain what the actual authority was. The verdict of the jury, therefore, must be regarded as having established the further fact that the acceptance was not made for the accommodation of the drawer, but that it was made in the usual course of the defendant's business in which the agent was employed.

It is insisted, on this appeal, that the verdict, in respect to the question last stated, is unsupported by the evidence. The obvious meaning of this is, that there was no evidence of any *specific* authority to sign accommodation acceptances. There was the evidence already referred to, showing that the defendant had held Lewis out as his general agent with a general authority to sign bills and notes. The jury might also properly infer, from the evidence of Hopkins, the drawer of the bill, that it was given in renewal of a previous bill which Hopkins had taken in the usual course of business. The only negative evidence on the subject came from Lewis Fox. The jury must have discredited his testimony, and, on his own showing, we think, were warranted in so doing.

If it should be admitted, however, that the bill was accepted for the accommodation of the drawer, the defendant would still be liable upon it in the hands of the plaintiff, for the reason that he was a *bona fide* holder of it for value. The notice arising from the signature, "L. Fox, agent," imposed no further obligation on him than that of inquiring whether Lewis Fox had authority to bind the defendant by signing bills in that way; and in the absence of evidence, the legal presumption is that he did make the inquiry, and that he ascertained what the actual authority was, namely, a general authority to sign bills. He was under no obligation to make further inquiries and ascertain what was the consideration of the bill, or for what purpose it was made. When an agent acts, in making negotiable instruments, within the terms of the authority

with which he has been clothed, the fact that he has abused or perverted his authority in the particular instance constitutes no defense as against a *bona fide* holder. The apparent authority is the real authority.

The court below, therefore, were too favorable to the defendant in submitting to the jury the question whether the note was made for the accommodation of the drawer. He should have instructed the jury that it made no difference whether it was or not, if they were satisfied that the agent was authorized by the defendant generally to make bills like the one in suit, and that the plaintiff was a *bona fide* holder. *Commercial Bank* v. *Norton,* 1 Hill, 501; *North River Bank* v. *Aymar,* 3 id. 262; approved in *Exchange Bank* v. *Monteath,* 26 N. Y. 505; *Butchers & Drovers' Bank* v. *Farmers', etc., Bank,* 16 id. 125; *Griswold* v. *Haven,* 25 id. 598; *N. Y. & N. H. R. R. Co.* v. *Schuyler,* 34 id. 65; 1 Pars. on N. & B. 108.

There was no error in admitting the declarations of Lewis Fox. They were competent, if for no other purpose, as a basis for the contradiction of his testimony. His answer, that he did not recollect having made to the plaintiff the statement to which his attention was called, was equivalent to a denial that he had made it. Evidence that he had made it was therefore competent. *Crowley* v. *Page,* 7 C. & P. 789; 1 Greenl. Ev., § 449, note 1.

The judgment must be affirmed with costs.

*Judgment affirmed.*