SANDERSON, appellant, v. BOWEN.

*Trial — action for libel — jury taking papers — Verdict — effect of jury improperly taking papers.*

In an action for libel, *held* that the rule in this State is that whether any, and what papers given in evidence may be taken by the jury when they retire to deliberate upon their verdict, is a matter within the discretion of the trial court.

Where a jury improperly take papers to their room when consulting on a verdict, the verdict will be allowed to stand, unless it appears that it may have been produced or influenced by means of such papers.

APPEAL from an order of the special term setting aside a verdict and ordering a new trial. The action was brought in Kings county, by Elnathan L. Sanderson against Henry C. Bowen and others, to recover damages for an alleged libel published in the Brooklyn Daily Union, a newspaper issued by defendants. The jury rendered a verdict in favor of plaintiff for $3,300.

*E. L. Sanderson,* appellant in person.

*George C. Holt,* for respondents.

TALCOTT, J.

The opinion is chiefly devoted to the consideration of the facts. The head-note states the only points passed upon. The following

portions of the opinion are believed to be all that it is important to publish at length:

" The verdict in this action was set aside for irregularity, upon the ground that the successful party placed in the hands of the jury, upon their retiring to consider upon their verdict, a certain printed paper without the consent of the court or the opposite counsel. The action was for a libel, and the paper placed in the hands of the jury was a printed copy of the libelous articles counted upon, and which had been given in evidence. The modern rule, as settled in this State, is that whether any, and what papers, which have been given in evidence, may be taken by the jury when they retire to deliberate upon their verdict, is a matter within the discretion of the judge before whom the action is tried. *Porter* v. *Mount*, 45 Barb. 422; *Shappner* v. *Second Ave. R. R. Co.*, 55 id. 497; *Howland* v. *Willetts*, 9 N. Y. 170.

"It does not, however, follow as a matter of course, that a verdict is to be set aside solely because the jury had improperly taken to their room, when considering their verdict, papers without the consent of the court. On the contrary, although such taking on the part of the jurors is punishable, the verdict will nevertheless be allowed to stand, unless it appears that the verdict itself may have been produced or influenced or effected by means of the papers thus improperly examined and considered by the jury. We think it is quite probable that the verdict in this case was materially influenced by the paper thus improperly taken by the jury, and for aught that appears, read and considered by them while deliberating on their verdict."

*Order affirmed.*