IN THE MATTER OF THE FINAL ACCOUNTING OF SILAS B. RUSKO, ADMINISTRATOR, ETC., OF EZRA DEAN, DECEASED.

*Estoppel — when one who denies that he is interested in an estate is thereby estopped from subsequently compelling the administrator to account.*

One Dean died in 1871, leaving a mother and a half-brother. He had been married to the respondent and lived with her for over twenty years, but some time before he died she left him and lived openly, in the immediate neighborhood, with one Wood as his wife. The half-brother testified that after the decease of his brother he went to the respondent and asked her if she intended to take out letters of administration; that she replied that she was not his widow, that she had a bill of divorce from him and was married to Wood, and that she had no interest in the estate. Thereupon the half-brother took out letters of administration, alleging in his petition that the deceased left no widow, filed his inventory, paid the debts of the deceased and paid over the balance of the estate to the mother. In 1880 the respondent, claiming to be the widow of the deceased, filed a petition to compel the administrator to account to her as such. *Held,* that she was estopped by her prior conduct and declaration from so doing.

APPEAL from a decree of the surrogate of Westchester county, made on the final accounting of Silas B. Rusko, as administrator of Ezra Dean, deceased.

Rusko was appointed administrator in August, 1871, and filed an inventory of the estate in August, 1871. On March 26, 1880, the respondent Harriet E. Wood filed a petition praying to have him compelled to account and pay over to her the distributive share of the estate, to which she claimed to be entitled as the widow of the deceased.

*Case & Robertson,* for Rusko, appellant.

*Reginald Hart,* for Harriet E. Wood, as widow of Ezra Dean, respondent.

BARNARD, P. J. :

The decision of this case depends on a question of fact, which either has not been passed upon, or has been erroneously found in favor of respondent, by the learned surrogate. Ezra Dean died intestate in 1871. He left a mother and no children. He had been married to the respondent, and had lived with her for over twenty years. She left him and lived with one James Wood, openly, as his wife, in the immediate neighborhood of Dean. Rusko, the administrator, was a half-brother of Dean. He testified that after the death of Dean he went to the respondent and asked her if she intended to administer on the estate of Ezra Dean, and she replied that she was not his widow, that she had a bill of divorce from him and had married Wood, and had no interest in the Dean estate. Rusko thereupon took out letters of administration on the estate of his brother, paid his debts and funeral expenses, and paid over the balance to his mother, as sole next of kin. That was right, if there was no widow. Mrs. Dean, or Wood, denies that she so stated to Rusko. Upon this question, I think the evidence supports Rusko. He at once swore there was no widow. This would have been an audacious falsehood and one not probable, in view of the fact that the affidavit was matter of record and made while Mrs. Dean, or Wood, lived in the immediate neighborhood. The administrator at once filed his inventory. Again, the respondent's acts support the administrator in his testimony. The respondent knew of the death of Dean; saw him dead, and did not assert her claim as widow until after nearly eight years had expired from the granting of letters to Rusko. Finally, it is proved that the respondent told Nathaniel Austin and Isaac H. Bishop that she had a bill from Dean and was married to Wood in the lifetime of deceased. The evidence, I think, taken together, establishes the fact that the respondent denied that she was Dean's widow, and acting upon this denial the administrator received some $425 in cash, paid the debts and expenses, which were $468, as allowed by the surrogate, and then transferred the security, a savings bank book, for the balance

of the estate, which was small, to the mother of the deceased. These facts show a complete administration of the estate by the administrator, which the respondent is estopped from now denying. By her act and declaration she had caused the administrator to part with that part of the estate which she now claims.   When a party has by his declaration or consent induced another to act in a particular manner, he will not afterwards be permitted to deny the truth of the admission if the consequence would be to work an injury to such other person.   (*Bank of Genesee* v. *Patchin Bank*, 19 N. Y., 312; *McMasters* v. *Insurance Co. North America*, 55 id., 229; *Blair* v. *Wait*, 69 id., 113; *Boardman* v. *Lake Shore*, *etc.*, *R. R.*, 84 id., 182.)

The decree should, therefore, be reversed and the proceedings remitted to the surrogate to dismiss the petition, with costs.

DYKMAN and PRATT, JJ., concurred.

Decree of surrogate reversed and proceedings remitted to surrogate to dismiss petition, with costs.