———o———

## McELFRESH *v.* GUARD and Another.

WILL.—*Attestation.*—It is not necessary that a testator should actually see the signing of the will by the attesting witnesses; it is only necessary that his situation and circumstances be such that he may see them subscribe.

SAME.—Where a will having been read to the testator and signed by him in bed, in the presence of the attesting witnesses, was then taken to an adjoining room and there signed by the witnesses where the testator, remaining

McElfresh *v.* Guard and Another.

in bed, might have seen the signing through an open door-way between the apartments;

*Held*, that the attestation was "in the presence of" the testator.

SAME.—*Probate.*—*Evidence.*—*Burden of Proof.*—*Instruction to Jury.*—Where both parties to a contest of the probate of a will had introduced direct evidence on the question as to whether the testator, from the position he occupied at the time, could or could not have seen the attesting witnesses subscribe;

*Held*, that it was not error for the court to refuse to instruct the jury, at the request of the contestant, that if they found that the will was attested in a room adjoining that in which the testator was at the time, and if the *contestee* had failed to prove by a preponderance of evidence that the subscribing witnesses could have been seen by the testator at the time they attested the will, they should find against the validity of the will.

SAME.—*Pleading.*—*Verdict.*—Where, in the contest of the probate of a will, it did not appear by the pleadings that either party to the contest had an interest in the subject-matter, but the contestant went to trial without objection, and the evidence showed that both parties were related to the testator and were devisees under the will;

*Held*, that after verdict the contestant could not object that the pleadings failed to show that the contestee had any interest.

PRACTICE.—*Verdict.*—*Venire De Novo.*—*Interrogatory to Jury.*—Where a verdict fully disposes of the issues and authorizes a final judgment, a *venire de novo* will not be awarded because of the failure of the jury to return a definite answer to an interrogatory. If the question presented by the interrogatory be material, and the party at whose request it was propounded desires to insist on a definite answer, he should object, on the ground of such failure, to the receiving of the verdict or the discharge of the jury.

APPEAL from the Dearborn Common Pleas.

ELLIOTT, J.—The appellant, McElfresh, for the purpose of contesting the validity and probate of the will of Eliza McElfresh, deceased, filed in the Court of Common Pleas of Dearborn county his allegation in writing, verified by his affidavit, as follows:

"In the matter of the alleged last will of Eliza McElfresh, deceased. In the Court of Common Pleas, July term, 1866.

"Comes into open court Enoch McElfresh and objects to the probate of the alleged last will and testament of said Eliza McElfresh, for the following reasons:

"1st. Because said deceased was not, at the time of the

alleged execution of said pretended will, of sound mind and competent to make a will, as he verily believes.

" 2d. Because said will was unduly executed, as he believes. And he further says, that his objections to the probate of said pretended will are not made for vexation or delay, but for justice, and further saith not. Enoch McElfresh."

Nancy Guard with David Guard, her husband, appeared and filed an answer in denial of the allegations filed by McElfresh.

The issue thus formed was tried by a jury, who returned a verdict that the testatrix was of sound mind at the time she executed the will; and that the will was duly executed.

On the trial of the cause it became a controverted question whether the attesting witnesses had subscribed the will in the presence of the testatrix; and the jury, in answer to interrogatories propounded by the court, found that the will was not subscribed by the attesting witnesses in the room where the testatrix was confined when the will was executed, but in an adjoining room, a door opening between them, and that the testatrix was at the time in a situation where " she might have seen the attesting witnesses sign the will." One of the interrogatories required the jury to state whether the testatrix " actually saw the attesting witnesses subscribe their names to the will;" to which they answered, " we cannot agree." A new trial was prayed by the appellant, for the following causes:

1st. Because the court erred in refusing to give to the jury charge No. 3, asked by the contestant.

2d. Because the court erred in giving to the jury instruction No. 5, asked by the contestees.

3d. Because the verdict of the jury is contrary to law and the evidence.

4th. The cause was tried without any issue of law or fact having been formed.

The motion was overruled, and the appellant excepted.

The appellant then moved the court for judgment in his

favor on the special findings of the jury, notwithstanding their general verdict in favor of the validity of the will, which was overruled.

He also moved the court for a *venire de novo*, because the jury was discharged without having answered the interrogatory as to whether the testatrix actually saw the attesting witnesses subscribe their names to the will, which was also overruled.

Proper exceptions were taken to these rulings.

A motion in arrest of judgment was then interposed, for the same reasons stated in the motion for a *venire de novo*, but it was overruled, and the ruling excepted to.

Judgment was thereupon rendered in favor of the validity of the will and ordering the probate thereof.

The questions presented by the record all arise upon the refusal of the court to grant a new trial, and on the motions for judgment for the appellant on the special findings of the jury, for a *venire de novo*, and in arrest of judgment.

The first question discussed by the appellant is, that the verdict of the jury is not sustained by the evidence.

The evidence is quite voluminous, and an abstract of it here is deemed unnecessary. It very clearly justifies the finding of the jury that the testatrix was of sound mind at the time of the execution of the will. It presents some conflict, but on that question the finding of the jury is in harmony with the weight of evidence.

It was insisted on the trial that the attesting witnesses to the will did not subscribe it in the presence of the testatrix, and, therefore, that it was not duly executed.

The evidence shows that the testatrix, at the time the will was executed, was confined to her bed; that the will was written in an adjoining room to that occupied by her, a door opening between them; that it was written in the presence of the appellant, the husband of the testatrix, and Mrs. Guard, her sister, one of the appellees, and under the direction of the appellant, and when written was taken into the room where the testatrix was, and was carefully read to

her, and she thereupon signed it, in the presence of the subscribing witnesses. There is evidence tending to show that the attesting witnesses subscribed it in the same room and in the immediate presence of the testatrix; but the weight of the evidence is, that, after the will was signed by the testatrix, it was taken back to the stand in the adjoining room where it was written, and was there subscribed by the attesting witnesses; and so it was found by the jury. But whether the testatrix could see through the door-way of the adjoining room, from the position she occupied, to the stand where the will was signed by the attesting witnesses, and see them sign it, was a subject of controversy on the trial; and upon that point the evidence is very conflicting. The finding of the jury is sustained by the testimony of a number of witnesses, but they are contradicted by at least an equal number. It is purely a question of evidence, involving that of the credibility of the witnesses, which it was the peculiar province of the jury to determine, and we cannot disturb their finding.

Exceptions are taken to the fifth instruction given by the court to the jury at the request of the appellees, which is as follows: "The law requires attestation in the presence of the testator, to prevent obtaining another will in place of the true one. It is, therefore, enough that the testator might see, and it is not necessary that he should actually see the signing, for, if that were the case, if the testator should turn his head or look off, it would vitiate his will. And it is sufficient if the signing was in view of the testatrix, and she might have seen it, whether it was in the same or an adjoining room." We think the instruction was substantially correct, and applicable to the evidence in the case. "To be corporally present, it is not essential that the testator be in the same apartment; for if the situation and circumstances of the parties are such that the testator in his actual position might have seen the act of attestation, it is enough, though they are not in the same apartment." 2 Greenl. Ev. 591, § 678. It is not necessary that the devi-

McElfresh *v.* Guard and Another.

sor should actually see, but he must be in a situation that he may see the witnesses attest; and when that is the case, it is presumed, in favor of the attestation, that he did see. *Doe* v. *Manifold*, 1 Maule & S. 294.

The appellant requested the court to instruct the jury as follows: "3d. If you find from the evidence that the will was attested by the subscribing witnesses in an adjoining room to the one where Eliza McElfresh was at the time, it devolves upon the defendant Nancy Guard to prove by a preponderance of evidence that the subscribing witnesses could have been seen by Eliza McElfresh at the time they attested the will; and if Nancy Guard has failed to prove this fact by a preponderance of evidence, you should find against the validity of the will."

The court refused to give the instruction, to which refusal the appellant excepted.

It may be conceded that proof that a will was attested in a different room from that occupied by the testator at the time, would be sufficient to raise the presumption that the testator could not see the attesting witnesses subscribe the will, and would devolve upon the opposing party the necessity of showing that the testator might have seen. But when, as in this case, both parties have introduced direct evidence upon the question as to whether the testator, from the position he occupied at the time, could, or could not, have seen the attesting witnesses subscribe, then it is the duty of the jury to weigh the whole of the evidence fairly, and be governed in their decision by its preponderance. The instructions given to the jury by the court contained, as we think, a full and fair statement of the law on the question applicable to the evidence in the case, and there was no error in refusing to give the instruction asked by the appellant.

The facts found by the jury specially were consistent with the general finding, and the court did right in overruling the motion for a judgment for the appellant on the special findings.

The motion for a *venire de novo* was, also, properly over-

ruled.    The verdict of the jury fully disposed of the issues presented to them, and authorized a final judgment in the case.    If the appellant desired to insist on a definite answer to the interrogatory as to whether the testatrix actually saw the attesting witnesses subscribe the will, he should have objected, for that reason, to the verdict being received, or the jury discharged.    But the question presented by the interrogatory was an immaterial one.    A negative answer would not have controlled the general verdict, or have otherwise benefited the appellant.

It is urged, that the cause was tried without an issue, for the reason that the pleadings do not show that the appellees had any interest in the subject-matter.

It does not appear by the written objections to the probate of the will, filed by the appellant, or by the answer of the appellees, that either of the parties was, in anywise, related to the testatrix, or was a legatee or devisee under the will; nor was the will made a part of any of the pleadings, or its contents shown thereby.    No objection, however, was made to the pleadings in the court below, or for the want of proper parties.    The appellant did not deny the right of the appellees to appear and contest the objections made by him to the will being probated; but, on the contrary, when they so appeared and filed an answer, he voluntarily consented to go to trial upon the issue so made without objection.    And the evidence shows, as we have seen, that the appellant was the husband of the testatrix, and that Nancy Guard, one of the appellees, was her sister; that they were both devisees under the will, and both, therefore, interested in, and proper parties to, the contest.    Under such circumstances, it was too late, after verdict, to object to the right of the appellees to appear and defend against the objections made by the appellant to the validity and probate of the will.

The judgment is affirmed, with costs.

*F. Adkinson* and *W. S. Holman,* for appellant.

*J. D. Haynes,* for appellees.