## VATER *v.* LEWIS.

PROMISSORY NOTE.— *Pleading.— Admission.— Estoppel.— Designation.*—In a suit on a promissory note payable to the order of A., "treasurer of the I. M. B. Co.," the complaint alleged that the note was made to the treasurer of the Indianapolis machine brick company, and no denial was filed to the complaint; *Held*, that the averment must be treated as admitted; and that the defendant having contracted with the corporation was estopped to deny its existence.

*Held*, also, that the word "treasurer" in such note was not simply a description of the person, but of the office he held in the corporation.

INTERROGATORIES TO JURY.— *Venire de Novo.*—Where a general verdict is returned, and the answers to special interrogatories, also returned, are not signed by the foreman, and the jury is discharged without objection, it is too late for a motion for a *venire de novo*, for that omission.

APPEAL from the Marion Circuit Court.

WORDEN, C. J.—Action by the appellee against the appellant. Issue, trial, verdict, and judgment for the plaintiff below.

The complaint alleges that the defendant, on, etc., "by his note, a copy of which is filed herewith, promised to pay, thirty days after the date of the said note, to the order of Charles W. Smith, Treasurer of the Indianapolis Machine Brick Company, under the style of the I. M. B. Co., sixteen hundred and sixty-nine dollars and twenty-five cents, who before

the maturity thereof endorsed said note to the plaintiff, a copy of which endorsement is also filed herewith; that said note was payable at the office of the Indianapolis Branch Banking Company, a bank of discount and deposit in said city of Indianapolis, in the State of Indiana," etc.

The note copied is as follows:

"$1669.25. INDIANAPOLIS, August 7th, 1867.

Thirty days after date I promise to pay to the order of C. W. Smith, Treasurer of the I. M. B. Co., sixteen hundred and sixty-nine dollars and twenty-five cents, with interest at the rate of ten per cent. per annum after maturity. Attorney's fees if suit be instituted on this note; negotiable and payable at the office of the Indianapolis Branch Banking Co. Value received, without any relief whatever from valuation or appraisement laws. The drawer and endorser severally waive presentment for payment, protest, and notice of protest of this note.

(Signed) THOMAS J. VATER,"

The note is endorsed, "C. W. Smith, Treasurer I. M. B. Co."

The following is the sole answer in the cause:

"The defendant, Thomas J. Vater, says that the note sued on was executed without any consideration, and was not purchased by the plaintiff or endorsed to him before the maturity thereof, and that the plaintiff had full notice of such want of consideration before he became the owner of such note."

Reply in denial. On the issue thus formed, the cause was tried. On the trial the defendant was examined as a witness, and testified, amongst other things, as follows:

"I executed the note sued on. I received no consideration for the note. * * They proposed I should give my notes to the company and the dividends would pay the notes. The notes were given for assessments of stock. * * The former notes were afterwards changed into this note. * * I gave notes for assessment on stock, think about four notes, which were consolidated in this note. Some of the stock-

holders paid assessments in cash, some not. * * I got the notes which I gave the company when I gave this. The company gave them up when I gave this. All our understandings were verbal ones. * * I took twenty-five hundred dollars stock on verbal conditions. * * This note was given in renewal of other notes of the same amount, which were given in place of four or five other notes which were given for assessment of stock."

After the examination of the defendant had closed, he introduced as a witness William J. Elliott, the Recorder of Marion county, and offered to prove by him that "no articles of association for the Indianapolis Machine Brick Company had ever been filed or recorded in the Recorder's office of Marion county, Indiana, or produced in said office for said purpose." The plaintiff objected to the evidence on the ground that the defendant was estopped by the note to deny the existence of the corporation. The objection was sustained and the evidence excluded, and the defendant excepted.

The evidence offered might have been quite important to the defendant, as it would seem that if the notes were given for stock assessments against the defendant, and if there was no corporation in existence which could issue stock or make assessments on subscribers therefor, there could be no consideration for the note.

We have set out enough of the defendant's evidence to show that the note was given, not upon any transaction between the defendant and said Smith, individually, but upon a transaction exclusively between the defendant and the company. Whatever consideration there was for the note moved from the company and not from Smith, to the defendant. All this appeared to the court by the testimony of the defendant at the time the proposed evidence was offered and rejected.

Another observation should be here made, in order to an understanding of the real question presented. The complaint alleges, that the note was made payable to the order of Charles W. Smith, treasurer of the Indianapolis Machine

Vater *v.* Lewis.

Brick Company, under the style of the I. M. B. Co., and this allegation is admitted by a failure to controvert it. In other words, it is admitted that the abbreviations, I. M. B. Co., as used in the note, were used to designate the Indianapolis Machine Brick Company.

Now the question arises whether the defendant, being sued upon a note executed by him, payable to Charles W. Smith, treasurer of the Indianapolis Machine Brick Company, upon a transaction between him and the company, and not upon any transaction between him and Smith as an individual, is estopped by the note to set up the non-existence of the corporation.

We have considered this question with some care, and have come to the conclusion that he is thus estopped.

The note being payable to Smith, treasurer of the Indianapolis Machine Brick Company, implies the existence of a corporation thus designated. *Jones* v. *The Cincinnati Type Foundry Company*, 14 Ind. 89; *Meikel* v. *The German Savings Fund Society of Indianapolis*, 16 Ind. 181.

A party contracting with a corporation as such is, when sued upon such contract, estopped to deny the existence of the corporation at the time of making the contract. *Snyder* v. *Studebaker*, 19 Ind. 462, and authorities there cited.

These propositions are all plain enough, but the more troublesome and doubtful question is, whether the contract should be regarded as having been made between the defendant and the corporation, or between the defendant and Smith, individually, regarding the words treasurer, etc., as merely descriptive of his person; for if the contract be deemed to have been made between the defendant and Smith as an individual, the ground of estoppel would not exist, unless, indeed, it should be held that the estoppel would prevail whether the contract was made directly with the corporation or with another for the use of the corporation.

We have concluded that the contract in the case before us was with the corporation, and not with Smith as an individual. We are quite well aware that there are authorities

against the conclusion at which we have arrived, but there are authorities that sustain it. In the conflict of decisions we are at liberty to follow that line which will be most likely to carry out and effectuate the real intention of the parties. Here is a note payable to C. W. Smith, treasurer of the Indianapolis Machine Brick Co., given on account of transactions between the maker and the company, in which Smith, as an individual, had no interest. Now, to say that the contract was not with the company, but with Smith, individually, and that his designation as treasurer, etc., was merely a description of him, so that he, being one only of all the great family of Smiths, might be known and identified as the payee of the note, would be a perversion of the evident intention of the parties.

We come to the authorities which sustain our view. In the case of *Babcock* v. *Beman*, 1 E. D. Smith, 593, a note payable "to the order of R. Beman, treasurer," he being treasurer of the Union Manufacturing Company, was held to be the note of the corporation. The court say, after discussing cases involving the liability of parties as makers, "where, however, the note is made payable to an individual, as an officer of the corporation, a different rule has been applied. Such a note, without any indorsement from the payee, has been held to be the property of the corporation of which he was the officer (1 Denio, 608; 3 Barb. S. C. R. 523), and actions were maintained in the name of the corporation." This case was affirmed by the court of appeals. 1 Kern. 200.

In the case of *The Watervliet Bank* v. *White*, 1 Denio, 608, it was held that the indorsement of a note to " E. Olcott, cashier, or order," was an indorsement to the bank of which he was cashier.

In *Wright* v. *Boyd*, 3 Barb. S. C. 523, a bill drawn in favor of " J. H. Lathrop, cashier, or order," was held in law to be drawn in favor of the bank of which he was cashier.

We quote also the following passage from the opinion of the court, in the case of *Barlow* v. *Congregational Society in Lee*, 8 Allen, 460. " It has been adjudged by the Supreme

Vater *v.* Lewis.

Court of the United States, as well as by this court, that on commercial paper payable to 'A. B., cashier,' the bank, although not named in the instrument, might maintain an action. *Barney* v. *Newcomb*, 9 Cush. 46; *Baldwin* v. *Bank of Newbury*, 1 Wal. 234. Whether those decisions stand upon the peculiar relation between a bank and its cashier, or (as the opinions imply) upon a general right of any principal to sue upon negotiable paper made to his agent, we need not here inquire."

As the contract, in the case before us, was, in legal contemplation, made between the defendant and the corporation, it follows that the defendant was estopped from alleging the non-existence of the corporation at the time he made his contract; and hence the evidence offered was properly rejected.

It may be observed that no point was made in the case, and we make none, as to the sufficiency of Smith's indorsement to transfer the note to the plaintiff. It is claimed, however, by the appellant that the complaint charges that the note was made payable to Smith, and not to the company, and, therefore, that it cannot now be insisted that it was payable to the company. We have set out enough of the complaint to show that there is nothing in this point.

The complaint alleges that the note was made payable "to the order of Charles W. Smith, treasurer of the Indianapolis Machine Brick Company," and that allegation leaves the question to be determined by the law, whether it was payable to Smith or the company. To be sure, it is further alleged that Smith indorsed it to the plaintiff, and the copy of the indorsement set out shows that he did that as treasurer of the company. There is nothing in all this that binds the pleader to the construction, that the note was payable to Smith and not to the company.

It is assigned for error that the court refused some instructions asked by the defendant, but in recurring to the motion for a new trial, we do not find that that was made a ground of the motion.

The appellant also assigns error upon the giving of instructions. The only objection made to the instructions given is, that they assume that the note was payable to the company. In this there was no error.

The jury were directed, if they found a general verdict, to return answers to certain interrogatories propounded by the defendant. They found a general verdict, and returned answers to the interrogatories, but the answers were not signed by the jury or the foreman, and the jury were discharged without objection. Afterward, the defendant moved for a *venire de novo*, because the jury had not signed the answers to interrogatories, but the motion was properly overruled. The defendant should have objected to the discharge of the jury until the answers were signed, and failing to do so, he cannot object that answers were not returned to the interrogatories. He should have insisted that the jury be required to return answers properly signed before being discharged. *Noble* v. *Enos*, 19 Ind. 72; *McElfresh* v. *Guard*, 32 Ind. 408.

The answers to the interrogatories, not being signed, were no part of the verdict; hence, a motion for judgment for the defendant thereon, notwithstanding the general verdict, was properly overruled.

The only remaining question to be considered is, whether the verdict is sustained by the evidence, and we are of opinion that it is thus sustained.. It must be borne in mind that the note imports a consideration, and the *onus* lay upon the defendant to show that there was none. It is not clear that the evidence even preponderated in favor of the defendant.

The judgment below is affirmed, with costs.

*J. T. Dye* and *A. C. Harris*, for appellant.

*A. G. Porter*, *B. Harrison*, and *C. C. Hines*, for appellee.