Ridenour *et al. v.* Miller *et al.*

No. 8610.

RIDENOUR ET AL. *v.* MILLER ET AL.

PRACTICE.—*Defective Verdict.*— *Venire de Novo.*—Where it appears on .the face of the record, that the verdict of the jury is defective and imperfect, because it contains no finding and assesses no damages on one of the paragraphs of complaint, a motion for a *venire de novo* must be granted.

From the Union Circuit Court.

.J. W. Connor and *T. D. Evans,* for appellants.

*J. E. Tucker* and *C. L. Seward,* for appellees.

HOWK, J.—The appellants brought this suit to obtain the foreclosure of two certain mortgages, and a judgment for the amount of the mortgage debts, and an order for the sale of the mortgaged premises. Their complaint contained two paragraphs. In the first paragraph, they declared upon a mortgage dated February 14th, 1866, executed by the appellees William C. and Nancy Miller, to one Susannah Miller, on certain real estate particularly described, in Union county, to secure the payment of a note of the same date for the sum of $1,335, executed by said William C., and payable two years after date to said Susannah, and by her assigned to the appellants; and they alleged in said paragraph, that there was then due them on said note and mortgage the sum of $1,819.75.

In the second paragraph of their complaint, the appellants declared upon a certain other mortgage, dated on the 23d day of February, 1878, executed to them by said William C. Miller alone, on the real estate therein described, in said Union county, to indemnify them and save them harmless on certain notes, particularly described, of the said William C. Miller, on which they were liable as his security, and also to secure the payment of three certain notes of said William C. Miller, and payable to the appellant Riley E. Miller. In this paragraph, they alleged that they had been compelled to pay and had paid divers sums of money, as such security of the said William C. Miller, and that his notes to said Riley E. Miller

were also due and unpaid; and they prayed judgment for the foreclosure of said mortgage, and for the sale of the mortgaged premises, or so much thereof as might be necessary to pay all of their said debts, and for other proper relief.

The appellees William C. and Nancy Miller made default. The other appellees, James Campbell and Henry Shriner, who were judgment creditors of said William C. Miller and, as such, were made defendants to the appellants' action, separately answered the complaint by a general denial thereof; and each of them filed a cross complaint, wherein he sought to have the mortgage to the appellants, described in the second paragraph of their complaint, declared to be fraudulent and void. The cause was put at issue and tried by a jury, and a verdict was returned as follows:

" We, the jury, find for the plaintiffs as against the defendants William C. and Nancy Miller, and assess their damages at $1,819.75.         (Signed)     W. DAWSON, Foreman."

" We, the jury, find for the plaintiffs as against the defendants Shriner and Campbell.

(Signed)                      "W. DAWSON, Foreman."

Over sundry motions of the appellants, and their exceptions saved, the court rendered judgment in their favor on the verdict of the jury, for the damages assessed, and for the sale of the real estate described in each and both of the mortgages in suit, etc.

Among the errors assigned by the appellants in this court, is this: that the trial court erred in overruling their motion for a *venire de novo*. This motion was in writing, and the court was asked therein to set aside the verdict, and grant the *venire de novo*, for the reason that the verdict was informal and defective, and made no finding in their favor against William C. Miller, on the second paragraph of the complaint.

It seems to us that this error is well assigned. The defendant William C. Miller, as we have seen, made no defence whatever to either paragraph of the complaint. It is clear,

therefore, that the jury ought, in their verdict, to have assessed the appellants' damages as against the said William C. Miller, under the mortgage described in the second paragraph of their complaint.    It is equally clear, we think, that the jury did not, in their verdict, make any finding whatever, either for or against the said William C. Miller, or any assessment against him of damages in favor of the appellants. on the second paragraph of their complaint.    In our statement of this case we have given an exact copy of the verdict of the jury.    It will be seen therefrom that the only assessment of damages made by the jury was against the defendants William C. and Nancy Miller, jointly; and the record shows that they were both named as defendants in the first paragraph of the complaint, and both of them executed the note and mortgage sued on therein.    Nancy Miller was not a party to any of the notes, or to the mortgage described in the second paragraph of the complaint, nor was she made a defendant to said second paragraph in any manner.    Besides, the damages assessed by the jury in their verdict were assessed in the precise sum, in dollars and cents, which the appellants alleged, and which appeared to be due them from the defendants William C. and Nancy Miller, on the note and mortgage in suit in the first paragraph of the complaint. This coincidence tends, in some degree at least, to show that the jury limited their assessment of damages in their verdict to the matters alleged in the first paragraph, and made no assessment of damages on the second paragraph of the complaint.

Under the allegations of this second paragraph of complaint, which were not controverted by William C. Miller, but by his default were admitted to be true, there appeared to be due from him to the appellants in damages at the time of the trial of this cause not less than $4,000.    Certainly, it was the duty of the jury to have assessed the appellants' damages as against William C. Miller on the second paragraph of the complaint; but, as we have seen, their verdict was wholly silent on that paragraph.

In *Bosseker* v. *Cramer,* 18 Ind. 44, it was held by this court that when the verdict is imperfect by reason of some uncertainty or ambiguity, or by finding less than the whole matter put in issue, or *by not assessing damages,* an application or motion for a *venire de novo* must be granted. The rule thus laid down has been approved and followed by this court in many more recent cases. *Jenkins* v. *Parkhill,* 25 Ind. 473; *Smith* v. *Jeffries,* 25 Ind. 376; Buskirk's Practice, p. 207, and cases cited. Applying this rule to the case at bar, we are of the opinion that the appellants, by reason of the failure of the jury to assess their damages on the second paragraph of their complaint, were clearly entitled to a *venire de novo,* and the court erred, therefore, in overruling their motion therefor.

Many other questions have been discussed by counsel in their elaborate briefs of this cause, but as these questions may not arise again, at least in their present form, on a new trial of the case, we need not and do not now consider or decide them.

The judgment is reversed with costs, and the cause is remanded, with instructions to sustain the motion for a *venire de novo,* and for further proceedings.