Bunnell *v.* Bunnell *et al.*

Filed March 6, 1884.

---

## No. 8961.

### BUNNELL *v.* BUNNELL ET AL.

VENIRE DE NOVO.— *Verdict.—Practice.*—When the verdict contains no finding upon the matters in issue in favor of either party, and is so imper-

fect or defective that no valid judgment can be rendered thereon, a motion for a *venire de novo* is the proper remedy, and must be sustained.

From the White Circuit Court.

*A. W. Reynolds, E. B. Sellers, R. Gregory* and *T. N. Bunnell,* for appellant.

*J. H. Wallace,* for appellees.

Howk, C. J.—This was a suit by the appellant against the appellees to obtain the specific performance of an alleged contract for the conveyance of certain described real estate in White county. The cause was put at issue, and tried by a jury, who returned into court their verdict, as follows : " We, the jury, find for the plaintiff, and that he have specific performance of a contract for the conveyance of the following described real estate in White county, Indiana, to wit : Five-eighths of one acre, more or less, out of the southwest corner of the southeast quarter of section thirty-four, in township twenty-seven north, range four west, bounded as follows : Beginning at the southwest corner of said tract, thence east ten rods on the township line of townships twenty-six and twenty-seven north, range four west, thence north $34\frac{1}{2}°$ west twenty rods and three links to the intersection of the west line of the said southeast quarter of the southeast quarter of said section thirty-four, thence south on said west line to the place of beginning ; and as to the residue of said real estate, described in the complaint, we find for the defendant."

　　(Signed)　　　　" Wm. F. Keister, Foreman."

Over the appellant's motions for a *venire de novo,* and for a new trial, the court rendered judgment in accordance with the verdict.

The first error complained of, in argument, by the appellant's counsel, is the overruling of his motion for a *venire de novo.* We are of opinion that the court clearly erred in overruling this motion of the appellant, and that, for this error, the judgment below must be reversed. In his complaint the appellant sought to enforce the specific performance of a

parol contract, whereby, it was alleged, the appellee Barzilla Bunnell undertook and promised, for certain considerations expressed in the complaint, "to convey by a good and sufficient deed the following lands in the county of White, and State of Indiana: Commencing at the northeast corner of the northwest fourth of the northeast fourth of section three, town. twenty-six north, in range four west; thence west to the southwest corner of the southeast fourth of the southeast fourth of section thirty-four, town. twenty-seven north, in range four west; thence north, on the west line thereof, to the point of crossing the same by the line running in a direction southeast bounding one side of the lands described below; thence in a direction nearly south of southeast to the place of beginning." The only issue in the cause for trial was formed by the answer of the appellee Barzilla Bunnell, in denial generally of the allegations of the appellant's complaint. The question for the jury to determine, and the only question, was whether or not the appellee Barzilla Bunnell had made the particular contract for the conveyance of the parcel of real estate described in the complaint, the specific performance of which contract the appellant sought to enforce. The jury were not authorized to ignore the allegations of the complaint, and the issue joined thereon, and make no finding on such issue; nor were they authorized to find that the appellant should have "specific performance of a contract," not mentioned or described in the complaint, and the specific performance of which the appellant did not ask for or seek in the case now before us.

Besides, the verdict of the jury is so imperfect, by reason of the uncertain, ambiguous and defective description of the five-eighths of an acre of land therein mentioned, that no valid judgment has been or can be rendered thereon. In such a case, it is well settled by the decisions of this court that a motion for a *venire de novo* is the proper remedy, and must be sustained. *Bosseker* v. *Cramer*, 18 Ind. 44; *Jenkins* v. *Park-*

*hill,* 25 Ind. 473; *Ridenour* v. *Miller,* 83 Ind. 208; *Carver* v. *Carver,* 83 Ind. 368.

As the error of the court in overruling appellant's motion for a *venire de novo* will reverse the judgment, and lead to a new trial of the cause, we need not now consider or decide any of the questions arising under the other errors complained of. In conclusion, we note the fact that appellees' counsel have not furnished us with any brief or argument in support of the rulings of the trial court.

The judgment is reversed, with costs, and cause remanded with instructions to sustain the motion for a *venire de novo,* and for further proceedings.

