The Pittsburgh, Cincinnati and St. Louis Railway Company v. Hixon.

---

No. 10,787.

THE PITTSBURGH, CINCINNATI AND ST. LOUIS RAILWAY COMPANY v. HIXON.

NEGLIGENCE.—*Railroad.*—*Permitting Fire to Escape from Right of Way.*—*Complaint.*—A complaint, alleging that coals negligently dropped and sparks emitted from the locomotive engine of the defendant, a railroad company, set fire to an accumulation of dry grass, weeds, rubbish and other combustibles, negligently suffered to gather beside the defendant's track and on its right of way, which fire, through the medium of said combustibles, was negligently allowed by the defendant to escape from its right of way and communicate to plaintiff's land and to the roots of growing grass and to the hay in his field, thereby burning and consuming it, is sufficient to show that the fire was permitted to escape by the negligence of the defendant.

SAME.—*Negativing Contributory Negligence.*—An averment in the complaint, that the fire and damage were not caused by any negligence on the part of the plaintiff, sufficiently negatives contributory negligence.

SAME.—*Inference of Negligence.*—Negligence can not be inferred, *prima facie,*

from the fact alone that fire was communicated to adjacent property by sparks from a locomotive engine, but the party alleging negligence must establish it by proof. *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 79 Ind. 111, criticised.

SAME.—*Damages.*—*Evidence.*—*Meadow Land.*—*Destruction of Roots of Grass.* —*Cost of Re-Seeding.*—*Rental Value.*—Where it is shown in such case that the land to which the fire was communicated was valuable only as meadow land, and that the roots of the grass growing thereon were destroyed, evidence of the cost of re-seeding and of its rental value during the time it would not produce a crop of grass, is admissible upon the question of damages.

PLEADING.— *Uncertainty.*— *Demurrer.*—*Motion to Make Specific.*—*Practice.*— Objections to a pleading, upon the ground of indefiniteness or uncertainty, can not be reached by a demurrer for want of facts, but only by a motion to have it made more specific.

PRACTICE.—*Interrogatories to Jury.*— *Indefinite Answers.*— *Venire de Novo.*— Where the general verdict is perfect and complete in every particular, a *venire de novo* ought not to be granted, merely because the answers of the jury to interrogatories submitted to them are " irregular, indefinite, improper and uncertain."

SUPREME COURT.— *Law of the Case.*—*Instruction to Jury.*—When the Supreme Court decides a case, the questions passed upon are irreversibly settled between the parties, in all subsequent stages of the action, and an instruction following the doctrine declared on the first appeal, although not strictly accurate, will be sustained on a second appeal.

From the Lake Circuit Court.

*N. O. Ross* and *G. E. Ross,* for appellant.
*E. Griffin* and *C. F. Griffin,* for appellee.

HOWK, J.—Errors are assigned here in this cause by appellant, the defendant below, which call in question the overruling of (1) its demurrers to each of the paragraphs of appellee's complaint, (2) its motion for a *venire de novo,* (3) its motion for a new trial, and (4) its motion in arrest of judgment.

The cause is now here for the second time. On the former appeal herein, the opinion and decision of this court are reported under the title of *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 79 Ind. 111. It was there said : " Following the case of *The Pittsburgh, etc., R. W. Co.* v. *Culver,* 60 Ind. 469, the complaint in the case at bar must be held insufficient for want

of an averment that the fire was permitted to escape upon the plaintiff's land by the negligence of the appellant," etc.

The judgment below was then reversed, and the cause was remanded for a new trial, with instructions to permit the appellee to amend each paragraph of his complaint. After the return of the cause into the court below, appellee amended each paragraph of his complaint in accordance with the opinion of this court on the former appeal herein, by averring therein that the coals negligently dropped and sparks emitted from appellant's locomotive engine set on fire an accumulation of dry grass, weeds, rubbish and other combustibles, negligently suffered to gather beside appellant's railroad track and on its right of way, and said fire, through the medium of such dry grass, weeds, rubbish and other combustibles, so gathered on its right of way, was by appellant negligently allowed to escape from its right of way and communicate to appellee's lands, and to the roots of the growing grass and the hay in his field, and his hay so stacked in such field, thereby burning and consuming all such hay, etc. These additional facts were amply sufficient, we think, to supply the averment for the want of which it was held, on the former appeal herein, that each paragraph of appellee's complaint was bad on the demurrer thereto, for the want of sufficient facts.

Appellant's learned counsel also claim, that each paragraph of the complaint was bad on the demurrer thereto, because the appellee did not aver in either paragraph, with sufficient clearness and certainty, that the burning of and damage to his property occurred without any contributory fault or negligence on his part. Upon this point it was averred by appellee in each paragraph of his complaint, that the "fire and damage aforesaid were not caused by any negligence on the part of plaintiff."

We are of opinion that this averment, construed as it ought to be under the provisions of our civil code, completely negatived the idea even that the fire and damage, of which ap-

pellee complained, were caused or occasioned in any degree or manner, or to any extent, by any contributory fault or negligence on the part of the appellee. In section 376, R. S. 1881, which is substantially a re-enactment of section 90 of the civil code of 1852, it is provided as follows : " In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties ; but when the allegations of a pleading are so indefinite or uncertain, that the precise nature of the charge or defence is not apparent, the court may require the pleading to be made definite and certain by amendment." *Indiana, etc., R. W. Co.* v. *Dailey, ante,* p. 75.

Construing the allegations of each paragraph of appellee's complaint herein, as we must, in accordance with these statutory provisions, it must be held, we think, that the court below committed no error in overruling appellant's demurrers to each paragraph of such complaint, upon either of the grounds of objection thereto suggested in argument, by its counsel. The very utmost that can be correctly said against any of the allegations of either paragraph of the complaint herein, is, that the allegations objected to in argument by appellant's counsel are somewhat indefinite and uncertain in their scope and meaning. But it is well settled by our decisions, that objections to any pleading, upon the ground of indefiniteness or uncertainty in any of its allegations, can not be reached nor made available here for any purpose by a demurrer thereto for the want of sufficient facts, but only by a motion for an order requiring the party to make his pleading, or some allegation therein, more definite and certain in the particular objected to, or complained of, by the objecting party. *Cincinnati, etc., R. R. Co.* v. *Chester,* 57 Ind. 297 ; *Jameson* v. *Board, etc,* 64 Ind. 524 ; *Nowlin* v. *Whipple,* 79 Ind. 481 ; *City of Evansville* v. *Worthington,* 97 Ind. 282 ; *Cleveland, etc., R. W. Co.* v. *Wynant,* 100 Ind. 160 ; *Cincin-*

*nati, etc., R. W. Co.* v. *Gaines,* 104 Ind. 526 (54 Am. R. 334) ; *Louisville, etc., R. W. Co.* v. *Jones,* 108 Ind. 551.

Appellant's counsel next complain in argument of the alleged error of the trial court, in overruling the motion for a *venire de novo.* It is shown by the record, that, on the 22d day of November, 1882, the jury trying the cause returned into court their general verdict herein, as follows : " We, the jury, find for the plaintiff, and assess his damages at two hundred and forty dollars." With their general verdict, the jury also returned into court their special findings upon particular questions of fact, submitted to them by the court.

The general verdict of the jury, and their answers to the questions submitted to them, were each and all signed by their foreman, when the same were returned into court as aforesaid ; and the jury were then and there discharged. Nine days afterwards, to wit, on December 1st, 1882, the appellant moved the court in writing for a *venire de novo.* This motion did not call in question the legality or sufficiency, either in form or substance, of the general verdict of the jury ; but it was predicated solely upon their special findings as to the particular questions of fact, submitted to them by the court, by the interrogatories numbered 1, 2, 3 and 6. In the motion for a *venire de novo,* it was stated that the answer of the jury, as to each of these interrogatories, was " irregular, indefinite, improper and uncertain."

"A *venire de novo* is granted when the verdict, whether general or special, is imperfect by reason of some uncertainty or ambiguity, or by finding less than the whole matter put in issue, or by not assessing damages." 2 Tidd Pr. 922. *Bosseker* v. *Cramer,* 18 Ind. 44 ; *Ridenour* v. *Miller,* 83 Ind. 208 ; *Carver* v. *Carver,* 83 Ind. 368 ; *Bunnell* v. *Bunnell,* 93 Ind. 595.

It has been held, also, in some of our cases, that where an interrogatory is direct and pertinent, and the jury return an uncertain answer, and the court refuses, when requested so to do, to require the jury, before they are discharged from the

further consideration of the cause, to return a direct and certain answer to such interrogatory, it will be error in such a case to overrule a motion for a *venire de novo*. *Peters* v. *Lane*, 55 Ind. 391; *Carpenter* v. *Galloway*, 73 Ind. 418.

In the more recent case of *Bedford, etc., R. R. Co.* v. *Rainbolt*, 99 Ind. 551, upon the point we are now considering, the court said: " Some of the cases have held that the failure of the jury to make certain and definite answers to the interrogatories may be a cause for a *venire de novo*, but the proper way of saving the question in such case is indicated in *West* v. *Cavins*, 74 Ind. 265, *McElfresh* v. *Guard*, 32 Ind. 408, and *Ogle* v. *Dill*, 61 Ind. 438. These cases hold that a failure of the jury to make definite answers to interrogatories, where there is a general verdict returned, is not proper ground for a *venire de novo ;* and what is said in *Peters* v. *Lane*, 55 Ind. 391, and *Carpenter* v. *Galloway*, 73 Ind. 418, indicating a different rule, may be regarded as modified by the later cases."

In *Vater* v. *Lewis*, 36 Ind. 288 (10 Am. R. 29), a case similar in some of its features to the case under consideration, the court said: " The jury were directed, if they found a general verdict, to return answers to certain interrogatories propounded by the defendant. They found a general verdict, and returned answers to the interrogatories, but the answers were not signed by the jury or the foreman, and the jury were discharged without objection. Afterward, the defendant moved for a *venire de novo*, because the jury had not signed the answers to interrogatories, but the motion was properly overruled. The defendant should have objected to the discharge of the jury until the answers were signed, and failing to do so, he can not object that answers were not returned to the interrogatories. He should have insisted that the jury be required to return answers properly signed before being discharged. *Noble* v. *Enos*, 19 Ind. 72; *McElfresh* v. *Guard*, 32 Ind. 408."

So, in the case in hand, conceding, without deciding, that

the answers of the jury to the interrogatories were, as appellant claimed, " irregular, indefinite, improper and uncertain," appellant ought to have insisted that the jury should be required to return regular, definite, proper and certain answers to such interrogatories, before they were discharged from the consideration of the case.    Not having done so, it must be held, we think, that appellant's motion for a *venire de novo*, even if well taken otherwise, came too late, and, therefore, was properly overruled.    Where, as here, the general verdict of the jury is perfect and complete in every particular, and free from uncertainty or ambiguity, we are of opinion that a *venire de novo* ought not to be granted, merely because the answers of the jury to the interrogatories were " irregular, indefinite, improper and uncertain."    Especially so where, as here, it appears that the party complaining of such answers wholly failed to insist below, that the jury should be required to return regular, definite, proper and certain answers to the interrogatories, before they were discharged by the court from the consideration of the cause.    Appellant's motion for a *venire de novo* was correctly overruled.

Under the alleged error of the court below, in overruling appellant's motion for a new trial, its counsel insist in argument that the court erred in the admission of certain evidence, tending to prove the amount of damages resulting to appellee from the fire which appellant and its employees negligently suffered to escape from its right of way to appellee's adjoining lands.    It was alleged in the complaint, and proved on the trial, that the fire which was suffered to escape from appellant's right of way, through the negligence of its servants, to appellee's land, burned and destroyed the grass and the roots of the grass, growing on such land.    It was further shown by the evidence, that the land in question was valuable only as meadow land, and for the grass it produced. It is claimed by appellant's counsel, that the trial court erred in admitting evidence of the cost of re-seeding such land or re-setting it in grass.    We think, however, this evidence was

clearly competent for the purpose of enabling the jury to assess correctly the amount of appellee's damages, resulting from appellant's negligence. So, also, we think that as it was shown that, if re-seeded, the land would not produce a crop of grass the first year, there was no error in the admission of evidence tending to prove the annual rental value of such land, as bearing upon the question of the amount of appellee's damages caused by appellant's negligence.

Upon the record of this cause, we can not say that the verdict of the jury is not fairly sustained by the evidence; nor can we say that the damages assessed by the jury are excessive.

On the former appeal of this cause, it was said in the opinion of the court, " that the burning of adjacent property, by sparks from a locomotive engine, is *prima facie* evidence of negligence in the company and their servants having the management of the engine, rendering it incumbent on them to show that proper precaution had been taken to prevent the escape of sparks." On the last trial of this cause, the court instructed the jury substantially in accordance with what we have just quoted from the opinion of this court, on the former appeal of this case; and this instruction, appellant's counsel earnestly insist, does not contain a correct statement of the law applicable to this case. While we do not, and can not, fully endorse and approve the doctrine declared in the above quotation from our former opinion herein, yet it must be held, we think, that the doctrine there declared is the law of this case, and that there was no available error, therefore, in giving the jury trying this cause the instruction complained of. *Board, etc.*, v. *Indianapolis, etc., R. W. Co.*, 89 Ind. 101.

In support of their contention that the instructions of the court were erroneous, appellants cite and rely upon *Indianapolis, etc., R. R. Co.* v. *Paramore*, 31 Ind. 143, wherein it was held that if fire be communicated to property from an engine, by reason of a failure to use proper preventives, or by the negligence of employees, the company is liable for the

consequences, but negligence in either respect should not be inferred without proof, the burden of which rests on the party alleging it. Upon the point under consideration, the court there said : " It might, perhaps, be inferred that the fire originated, in some way, from a locomotive; but the only evidence from which such an inference can be drawn is, that two trains, one a passenger and the other a freight train, had passed that point but a short time before the fire was discovered. But if it is inferred the fire thus originated, still there is not a particle of evidence to show that it was caused by any defect or imperfection of the machinery, or by any want of care or prudence on the part of those having charge of the trains, unless such negligence is to be inferred, *prima facie*, from the fact of the fire, thus throwing on the defendant the burden of disproving negligence, without any affirmative evidence to establish its existence. The American cases, except in those States where it is regulated by statute, seem generally to concur in holding, that no such inference can arise from the fact alone that a fire is thus produced. See Redf. Railw., section 125, cl. 5, and cases there cited ; *Terry* v. *New York Central R. R. Co.*, 22 Barb. 574; *Rood* v. *New York, etc., R. R. Co.*, 18 Barb. 80 ; *Field* v. *New York Central R. R. Co.*, 32 N. Y. 339." See, also, Pierce Railroads, pp. 436, 437, and cases cited in the foot-notes.

What we have last quoted, upon the question under consideration, was the recognized law of this State for many years, has never been changed by statute, and as it is in harmony with well established rules of evidence, it ought not, we think, to be changed by judicial decision. While this is so, it is manifest from the record now before us, that the learned judge, who presided over the court below, tried this cause in strict accordance with the " law of the case," as declared in the opinion of this court on the former appeal herein. When the Supreme Court decides a case, the questions decided are irreversibly settled between the parties, in all subsequent stages of the action. *Hawley* v. *Smith*, 45

Ind. 183; *Kress* v. *State, ex rel.,* 65 Ind. 106; *Board, etc.,* v. *Indianapolis, etc., R. W. Co., supra; Armstrong* v. *Harshman,* 93 Ind. 216; *Jones* v. *Castor,* 96 Ind. 307. " The decision is an adjudication concluding the courts and the parties. * * * It is conclusive as to the questions in judgment in the case in which it was rendered, upon the parties and those in privity with them." *Forgerson* v. *Smith,* 104 Ind. 246.

The court did not err, we think, in overruling appellant's motion for a new trial, nor have we found any error in the record which requires the reversal of the judgment.

The judgment is affirmed, with costs.

