The McCormick Harvesting Machine Company v. Gray.

No. 13,130.

# THE McCORMICK HARVESTING MACHINE COMPANY v. GRAY.

SUPREME COURT.—*Assignment of Error.*—*Sufficiency of Pleadings.*—Where an assignment of error questions the sufficiency of a pleading, consisting of two paragraphs, as an entirety, such assignment fails if either paragraph is good.

VERDICT.— *Venire de Novo.*—Where the verdict is not defective or uncertain, and does not find less than the whole matter put in issue, or fail to assess damages, a *venire de novo* will not be granted.

BILL OF EXCEPTIONS.—*Certificate of Judge.—Effect of.—Long-Hand Manuscript of Evidence.*—When a bill of exceptions, incorporating the longhand manuscript of the evidence, as prepared by the official stenographer, is presented to the judge, who approves and signs it, he thereby adopts and certifies every material statement in the bill which precedes his signature. *Lyon* v. *Davis*, 111 Ind. 384, modified to the extent of seeming conflict.

NEW TRIAL.—*Causes for.—Excessive Damages.*—The fourth cause for a new trial under section 559, R. S. 1881, viz., " excessive damages," is proper only in cases of torts.

EVIDENCE.—*Copies of Lost Instruments.*—To authorize the admission in evidence of a copy of a written instrument, it is only necessary to prove the loss of the original by a fair preponderance of the evidence.

From the Pulaski Circuit Court.

*N. L. Agnew* and *B. Borders,* for appellant.

*S. T. McConnell* and *D. B. McConnell,* for appellee.

HOWK, J.—This cause is now before this court for the second time. On the former appeal herein the opinion and judgment of this court are reported under the title of *McCormick, etc., Co.* v. *Gray,* 100 Ind. 285.

Appellant is the plaintiff, and sued appellee, Gray, as defendant, upon two promissory notes executed by him to plaintiff on June 30th, 1881. Defendant answered solely by counter-claim, in two paragraphs, wherein, admitting the execution of the notes in suit and that they were past due and unpaid, he averred that they and another note, of like tenor

and effect, were given in payment for a McCormick harvester and twine-binder, purchased by him of plaintiff; that at the time of such purchase, and of the execution of said notes, plaintiff executed to defendant a warranty, partly printed and partly written, which was set out, whereby such machine was " warranted to be well made, of good material, and durable with care;" and it was agreed that, " if, upon one day's trial, the machine should not work well, the purchaser shall give immediate notice to said McCormick Harvesting Machine Company, or their agent, and allow time to send a person to put it in order. If it can not then be made to work well the purchaser shall return it at once to the agent of whom he received it, and all notes and cash received in settlement will be refunded."

Defendant then alleged at great length, and with much particularity and detail, the facts which showed, as he claimed, a complete and absolute breach on the part of plaintiff of the foregoing warranty and agreement, and demanded damages on account thereof in his counter-claim.

Plaintiff's demurrers to defendant's counter-claim were overruled by the court below, and these rulings were assigned here as errors on the former appeal herein; and it was then held upon full consideration that the counter-claim was sufficient to withstand the demurrers thereto. On that appeal the judgment below in defendant's favor was reversed for an error of law occurring at the trial, and the cause was remanded for a new trial.

After the cause was returned to the court below, it is shown by the record now before us that the pleadings in the case prior to the former appeal were not amended by either party, and, of course, no change was made in the issues for trial. The cause was then tried by a jury, who returned into court their verdict, signed by their foreman, as follows : " We, the jury, find for the defendant, Thomas Gray, and assess his damages upon his counter-claim at one hundred and twenty-seven dollars." Over plaintiff's motions for a *venire de novo,*

for a new trial and in arrest, the court rendered judgment in defendant's favor for the damages assessed by the jury and his costs herein expended.

On this appeal, plaintiff has assigned the following errors:

1. The first and second paragraphs of defendant's counter-claim are neither of them sufficient to constitute a cause of action.

2. The court below erred in overruling plaintiff's motion for a *venire de novo*.

3. The court erred in overruling his motion for a new trial.

4. The court erred in overruling his motion in arrest of judgment.

The *first* and *fourth* of these alleged errors may be properly considered together, as they were alike intended to call in question the sufficiency of defendant's counter-claim, after trial and verdict thereon. Each of these errors assails the counter-claim, as an entirety, and not the several paragraphs thereof; and if either one of the two paragraphs states facts sufficient to constitute a cause of action, it will repel the errors assigned and render them unavailing, however bad the other paragraph might seem to be. On the former appeal herein, we held that the first paragraph of defendant's counter-claim stated facts sufficient to constitute a cause of action, and that decision, even if it were erroneous, and it was not, we think, is the law of this case. When the Supreme Court decides a case, the questions decided are irreversibly settled between the parties in all subsequent stages of the action. *Hawley* v. *Smith*, 45 Ind. 183; *Board, etc.,* v. *Indianapolis, etc., R. W. Co.*, 89 Ind. 101; *Davis* v. *Krug*, 95 Ind. 1; *Forgerson* v. *Smith*, 104 Ind. 246; *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 110 Ind. 225.

We must hold, therefore, under the law as we have stated it, that the first and fourth errors assigned by plaintiff, in the case under consideration, are not available for the reversal of the judgment below.

It is claimed, on behalf of plaintiff, that the court below erred in overruling its motion for a *venire de novo.* "A *venire de novo* is grantable when the verdict, whether general or special, is imperfect, by reason of some uncertainty or ambiguity, or by finding less than the whole matter put in issue, or by not assessing damages." 2 Tidd Pr. 922; *Ridenour* v. *Miller*, 83 Ind. 208; *Bunnell* v. *Bunnell*, 93 Ind. 595; *Pittsburgh, etc., R. W. Co.* v. *Hixon, supra.*

We fail to see, however, and plaintiff's counsel have failed to show us, that the general verdict of the jury for the defendant, in the case at bar, is defective or imperfect in any particular, or that there is any uncertainty or ambiguity therein, or that it finds less than the whole matter put in issue or does not assess damages. The court did not err, we think, in overruling plaintiff's motion for a *venire de novo.*

Finally, it is insisted on behalf of the plaintiff that the court below clearly erred in overruling its motion for a new trial herein. In a supplemental brief recently filed by defendant's learned counsel, the point is made, and pressed with much earnestness, that the questions arising under the alleged error of the court, in overruling the motion for a new trial, can not be considered here, because, they say, that the bill of exceptions appearing in the record fails to show that it contains all the evidence given in the cause. The original long-hand manuscript of the evidence, made by the official reporter of the court from his short-hand notes of the testimony taken at the trial, was duly incorporated in a proper bill of exceptions, and, as so incorporated, at plaintiff's request, was certified by the clerk below to this court as a part of the record on this appeal. At the close of the original long-hand manuscript of the evidence is the phrase: "This was all the evidence given in the cause." This is followed immediately by the certificate of the official stenographer, and immediately following this certificate is the statement, evidently prepared by the stenographer, namely: "And the plaintiff now here tenders this, his bill of exceptions No. 1,

and prays that the same may be signed, sealed and made a part of the record in this cause, which is accordingly done this 8th day of April, 1886." This statement is subscribed by the judge who presided at the trial of this cause.

Defendant's counsel claim that the bill of exceptions No. 1 (prepared as we have stated), " failing to contain a certificate of the judge that the long-hand manuscript contains all the evidence given in the cause, the evidence is not in the record for any purpose on this appeal." This point is not well made, we think, and ought not to be sustained. When the bill of exceptions incorporating the long-hand manuscript of the evidence is prepared, as was " bill of exceptions No. 1 " in the cause now before us, and is presented as prepared to the judge of the proper court for his approval and signature, we are of opinion that if such judge signs such bill he thereby adopts and certifies every material statement in the bill which precedes his signature. Upon the point so made by defendant's counsel, they cite and rely upon the cases of *Marshall* v. *State, ex rel.*, 107 Ind. 173, *Wagoner* v. *Wilson*, 108 Ind. 210, and *Lyon* v. *Davis*, 111 Ind. 384. The first two of the cases cited do not allude even to the point made by counsel.

A very careful examination of the opinion of the court in the case last cited has convinced us that there is nothing said in that case necessary to the decision of any question there decided, which lends the slightest support to the position of counsel ; and if there be anything said in such opinion, in seeming conflict with what is here decided, in the case last cited, it must be regarded as modified in accordance with this opinion.

We think, from our examination of bill of exceptions No. 1, that the evidence contained therein fairly sustained the verdict of the jury on every material point. As we read the evidence, it tended strongly to prove that the machine purchased by defendant, and for which the notes in suit were given, was not such a machine as plaintiff agreed and war-

ranted that it should be, that it could not be made to work well or do good work, and was comparatively worthless.

There was some conflict in the evidence, but the credibility of the different witnesses, and the weight to be given to the testimony of each witness, were matters for the consideration and determination of the jury as the triers of the facts, and of the learned judge who presided at the trial. There being no absolute failure of evidence on any material point, and the verdict having been sanctioned and approved by the trial court, it can not be disturbed here on what might seem to be the weight of the evidence. This is settled by an unbroken line of our decisions. *Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73 ; *Cornelius* v. *Coughlin,* 86 Ind. 461 ; *Allyn* v. *Allyn,* 108 Ind. 327 ; *Kopelke* v. *Kopelke,* 112 Ind. 435.

It is claimed by plaintiff's counsel that the jury erred in their assessment of the amount of defendant's recovery. Defendant's counter-claim was founded upon plaintiff's contract of warranty.

In its motion for a new trial plaintiff assigned the *fourth* statutory cause, namely, " excessive damages," and not the *fifth* statutory cause, namely, " Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract," etc. Section 559, R. S. 1881. The *fourth* statutory cause for a new trial " is proper only in cases of torts." *Lake Erie, etc., R. W. Co.* v. *Acres,* 108 Ind. 548 ; *Thomas* v. *Merry,* 113 Ind. 83 ; *Clark Civil Township* v. *Brookshire, post,* p. 437.

It is clear, therefore, that the amount of defendant's recovery upon his counter-claim was not called in question in the court below by plaintiff's motion for a new trial, nor is it questioned here by the error assigned upon the overruling of such motion.

Plaintiff's counsel also insist that the trial court erred in admitting in evidence copies of plaintiff's warranty and agreement, described in the counter-claim, upon the ground

that the absence of the original instruments had not been sufficiently accounted for. It was admitted that the copies offered in evidence were true and correct copies of the original instruments; and it was shown by the preliminary proofs that the originals were introduced in evidence on the first trial of the cause, when defendant recovered the judgment from which plaintiff prosecuted its former appeal to this court; that in preparing plaintiff's bill of exceptions for that appeal, the original warranty and agreement were used and were then placed in the hands of plaintiff's leading attorney in this case; and that, on the last trial of this cause, plaintiff and its counsel failed to produce the original instruments or to account for their non-production. Upon these proofs it is simply fair to plaintiff and its counsel to hold, as we do, that it was shown thereby that the original instruments had been lost by them, and, therefore, could not be produced and put in evidence by defendant. The loss of the original warranty and agreement, like any other fact, was to be proved by a fair preponderance of the evidence, and this was done. *Millikan* v. *State, ex rel.,* 70 Ind. 310; *Johnston Harvester Co.* v. *Bartley,* 94 Ind. 131; *McComas* v. *Haas,* 107 Ind. 512.

The court did not err, we think, in admitting true and correct copies of such original instruments in evidence.

The motion for a new trial was correctly overruled.

After a careful examination of the record of this cause, and upon full consideration of all the matters complained of here by plaintiff's learned counsel in their able and exhaustive brief, we have found no error in the case now before us which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed April 17, 1888.